485 P.2d 984

Steven J. MAYNERICH, Jr., a minor by and through Steven J. Maynerich, his father and next of friend, and Steven J. Maynerich, individually, Plaintiffs-Appellants,

v.

LITTLE BEAR ENTERPRISES, INC., a corporation, Milton Black and Ellis Hamblin, Defendants-Appellees.

No. 578.

Court of Appeals of New Mexico.
May 21, 1971.

Richard B. Cole, Civerolo, Hansen & Wolf, Albuquerque, for plaintiffs-appellants.

Charles B. Larrabee, John P. Salazar, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

SPIESS, Chief Judge.

The principal question presented upon this appeal is whether the Workmen's Compensation Act, § 59–10–1 et seq., N. M.S.A.1953 (Rpl. Vol. 9, pt. 1) precludes an illegally employed minor from maintaining a common law action against the employer seeking damages for injuries based upon negligence. The appeal is from a summary judgment in favor of the employer.

Facts before the court upon consideration of the motion for summary judgment are as follows: Steven J. Maynerich, a minor, fifteen years of age, was employed by Little Bear Enterprises, Inc., (the employer). His duties included waiting on customers in the hardware and feed departments, and performing such other tasks as were required of him. Steven was called upon from time to time to participate in the operation of a machine known as a fork lift. The fork lift was used in moving heavy objects, loading and unloading trucks. During the afternoon of July 26th, Steven was assisting in unloading hay from a truck and was directed to climb upon the fork lift to designate the placement of bales of hay after they had been unloaded from the truck. To avoid a fall from the machine Steven placed his right hand on or within certain working parts of the lift resulting in the amputation of three of his fingers and injury to the remaining fingers. At the time of injury Steven was fifteen years of age.

For the purpose of the motion for summary judgment, Steven's work with and upon the fork lift was treated as an employment "* * * dangerous to lives and limbs, * * *"

The Child Labor Law, § 59–6–5, N.M.S. A.1953 (Rpl. Vol. 9, pt. 1) provides:

"No child under the age of sixteen (16) years shall be employed or permitted to labor at any of the following occupations or in any one of the following positions: * * * nor in any employment dangerous to lives and limbs, * * *"

As we have indicated, the trial court, in rendering summary judgment, assumed this case to be controlled by the Workmen's Compensation Act to the end that Steven was barred from maintaining a common law action, and was limited to the remedies provided by the Workmen's Compensation Act. (§ 59–10–6, N.M.S.A.1953 (Rpl. Vol. 9, pt. 1).

The Workmen's Compensation Act is based upon an employer-employee relationship. Perea v. Board of Torrance County Commissioners, 77 N.M. 543, 425 P.2d 308 (1967). The Act, (§ 59–10–12.9, N.M.S.A.1953 (Rpl. Vol. 9, pt. 1, 1969 Supp.) defines workman as follows:

"Workman.—As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], unless the context otherwise requires, 'workman' means any person who has entered into the employment of or works under contract of service or apprenticeship, with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade or business. The term 'workman' shall include 'employee' and

shall include the singular and plural of both sex."

It is clear from this definition that employer-employee relationship, to which the Act applies, is one created by contract between the parties; consequently, if the employer in this case seeks to avail itself of the Workmen's Compensation Act as a bar to a common law action, then it must show a valid contract of employment between it and Steven.

■ In our opinion, a contract, the performance of which violates a penal statute, is illegal and at least voidable, and will not provide a basis for the assertion of rights under such contract, particularly by the party upon whom the statute imposes the penalty. See Measday v. Sweazea, 78 N. M. 781, 438 P.2d 525 (Ct.App.1968); Farrar v. Hood, 56 N.M. 724, 249 P.2d 759 (1952); Acklin Stamping Co. v. Kutz, 98 Ohio St. 61, 120 N.E. 229, 14 A.L.R. 812 (1918); also 6A Corbin, Contracts, § 1540.

The extension of coverage under Workmen's Compensation Acts to illegally employed minors is now generally provided by specific statutory provisions. See 1A Larson, Workmen's Comp., Sec. 47.52(a), page 789. Cases employing these statutes as a basis for barring a common law remedy to an illegally employed minor are of no assistance here. Our Act, by its terms contains no specific language bringing illegally employed minors within its terms.

■ In our view, the weight of authority, as applied to statutes similar to ours, supports the proposition that an illegally employed minor may pursue a common law action. Hadley v. Security Elevator Co., 175 Kan. 395, 264 P.2d 1076 (1953); Cox Cash Stores v. Allen, 167 Ark. 364, 268 S. W. 361 (1925); Pigg v. Stacey, 210 Tenn. 144, 354 S.W.2d 593 (1962). See also authorities cited Annot. 14 A.L.R. 818; 142 A.L.R. 1018.

Nothing in Benson v. Export Equipment Corporation, 49 N.M. 356, 164 P.2d 380 (1945), is contrary to the conclusions here expressed because in *Benson* the minor was not illegally employed at the time the injury was sustained.

We hold that Steven is not barred by the Workmen's Compensation Act from maintaining a common law action, and that the trial court erred in denying him such remedy.

We have carefully considered authorities cited by employer. They do not, however, in our opinion, compel a conclusion different from that herein expressed.

■ Employer contends that Steven waived any rights he may have had to pursue a common law action because he accepted workmen's compensation benefits. The record does show that Steven received certain checks (which he cashed) issued by an insurance company. He testified, in substance, that he did not know that the checks were payments under the Workmen's Compensation Act.

It is fundamental that both waiver and estoppel require knowledge of the facts by the person against whom they are asserted. First Nat. Bank of Hastings v. Davis, 123 Neb. 304, 242 N.W. 655 (1932).

In Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067 (1957), the court, in discussing the question of estoppel by acceptance of benefits, said:

"In order to create estoppel by acceptance of benefits it is essential that the person against whom estoppel is claimed, should have acted with full knowledge of the facts and of his rights, * * *"

See Miller v. Phoenix Assur. Co. Limited, of London, 52 N.M. 68, 191 P.2d 993 (1948).

In view of the fact issue presented by the record with respect to the claim of waiver this matter is not properly subject to summary judgment.

Reversed with direction to vacate the summary judgment and proceed in a manner not inconsistent herewith.

It is so ordered.

WOOD and HENDLEY, JJ., concur.