529 P.2d 269 (1974)
87 N.M. 43
In the Matter of the Last WILL and Testament of Sam H. Carson, Deceased.
Wade BEAVERS, Appellant,
v.
Bonnie H. LUTHER and Sharlene McMinn, Appellees.
No. 9898.
Supreme Court of New Mexico.
December 13, 1974.
Wade Beavers, Pro Se.
No appearance for appellees.

OPINION
MONTOYA, Justice.
This is an appeal from the San Juan County District Court's order setting the nature and extent of attorney's fees of appellant Wade Beavers for services rendered appellees in defending a will contest action.
On October 16, 1970, appellant Wade Beavers entered into a contingent fee contract with appellees, Sharlene McMinn and Bonnie H. Luther. The contract provided that appellant was to receive "33 1/3 percent of the amount recovered, whether paid in money or property." Following a settlement of the action, appellant filed a motion for the executor to pay him his attorney's fees in accordance with the contract. In addition, appellant filed notice of his charging lien. A hearing on the motion was held on March 21, 1973. On April 3, 1973, the court filed its findings of fact and conclusions of law. Finding No. 4 recited that appellees agreed to pay appellant 33 1/3 percent of the amount recovered, whether paid in money or property, but conclusion No. 2 stated that appellant was entitled only to:
"* * * one third of the value of the property devised unto each of the respondents as beneficiaries of that will, as well as the net rentals received by the respondents from the aforesaid property to the date of the dismissal of the will contest the 6th day of July 1971, less the sums expended or obligated by the respondents *270 to be paid the Magarrells in settlement of that contest."
Subsequently, on April 19, 1973, the court filed amended findings and conclusions, finding that the parties entered into a contract providing appellant with one-third of all money and property recovered under the terms of the will in exchange for services rendered, and concluding that appellant was entitled to one-third of all property received by appellees from the estate, less the sum paid in settlement. But, on motion by appellees, the court vacated its order of April 19, 1973, and reinstated its original findings and conclusions on August 14, 1973.
Appellant appeals from that portion of the court's final order which concludes that he is entitled to one-third of the value of the property only, and to one-third of the net rentals up to July 6, 1971, only.
The contract between the parties was a standardized, unambiguous, contingent fee contract. It is a long-standing rule in New Mexico that the court does not have the authority to alter or amend a contract; instead 
"* * *. It is the function of the court to interpret and enforce the contract as made by the parties. Hopper v. Reynolds, 81 N.M. 255, 466 P.2d 101 (1970). * * * The primary objective in construing a contract is to ascertain the intent of the parties. [Citations omitted.]"
Schultz & Lindsay Construction Co. v. State, 83 N.M. 534, 535, 494 P.2d 612, 613 (1972).
It is explicit from the terms of the contract that the intent of the parties was to pay appellant one-third of all money and property recovered by appellees. No discrepancy exists between the court's finding No. 4 and the contract, but conclusion No. 2 significantly alters the terms of the contract. There was no mention of limiting the fee in the manner provided in the court's conclusion of law. There is no pleading or evidence in the record to support a finding which would in turn support a conclusion that appellant was entitled to one-third of the value of the property only and rentals only up to July 6, 1971.
As stated by this court in Board of County Com'rs of Dona Ana County v. Little, 74 N.M. 605, 608, 396 P.2d 591, 593 (1964):
"`[C]onclusions of law must be predicated upon, and supported by, findings of fact.' Isaac v. Seguritan, 1960, 66 N.M. 410, 349 P.2d 126."
Obviously, the trial court's conclusion of law No. 2 is not supported by its corresponding finding of fact No. 4.
"* * *. Where there is a conflict between an opinion and a finding of fact supported by substantial evidence, the finding prevails. * * *"
Woodson v. Raynolds, 42 N.M. 161, 163, 76 P.2d 34, 36 (1938). A review of the record reveals that finding No. 4 was indeed supported by substantial evidence. Appellant Wade Beavers is thus entitled to one-third of all money and property recovered by appellees from the estate, including one-third of any rentals from the property as a one-third owner, less any sums expended by appellees in settlement.
Therefore, the cause is reversed and remanded to the trial court with direction to vacate its order of August 14, 1973, and enter judgment in accordance with the views expressed by this court.
It is so ordered.
OMAN and MARTINEZ, JJ., concur.