Wenurth Wesley **BAKER**, Jr., a minor 15 years of age, by and thru his mother and next friend, Florence **Radford**, Plaintiff,

v.

**HUNN ROOFING, INC.**, a Domestic Corporation, Defendant.

No. 75–0171–D Civil.

United States District Court, W. D. Oklahoma. Civil Division.

June 24, 1975.

Earl D. Mills, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action seeking recovery for personal injuries allegedly sustained in the course of his employment with Defendant's subcontractor. Plaintiff alleges that on May 20, 1974 he was a minor 13 years of age; that he was employed by and working for Quality Roofing Co. (Quality Roofing); that in the course of this employment he was carrying a bucket of hot tar and spilled it over his entire body; that he suffered burns and other injuries as a result thereof; that carrying tar is hazardous employment; that Defendant either knew or should have known that he was a minor employed in a hazardous job; and that neither Quality Roofing nor Hunn Roofing carried a policy of Workmen's Compensation Insurance.

Defendant has filed herein a Motion to Dismiss for lack of jurisdiction over the subject matter. Rule 12(b)(1) Federal Rules of Civil Procedure. It is Defendant's position that this Court lacks subject matter jurisdiction over this action; that as Plaintiff by his own allegation was engaged in hazardous employment at the time of his injury; that his exclusive remedy lies under the Workmen's Compensation Act of the State of Oklahoma, 85 Oklahoma Statutes § 1 et seq., in the Industrial Court of the State of Oklahoma.

Defendant's Motion is opposed by the Plaintiff. It is apparently Plaintiff's position, although he does not clearly so state, that due to a violation of Oklahoma's Child Labor Laws this case does not fall within the jurisdiction of Oklahoma's State Industrial Court.

Plaintiff has confused the issues of this case by alleging that neither Defendant nor Quality Roofing carried a policy of Workmen's Compensation In-

V. Lyle McPheeters, Oklahoma City, Okl., for plaintiff.

surance at the time of his alleged injury. Under 85 Oklahoma Statutes §§ 11 and 12 a principal employer is secondarily liable to the employees of his subcontractors or independent contractors if the subcontractor or independent contractor fails to secure Workmen's Compensation coverage. This liability is, however, limited to recovery under the provisions of the Act, and by reason of this secondary liability a principal employer is not liable in tort to an employee of a sub-contractor or independent contractor. *Baldwin v. Big X Drilling Company,* 322 P.2d 647 (Okl. 1958); *Sumpter v. Lawton Cooperative Association,* 384 P.2d 908 (Okl.1963); *W. P. Atkinson Enterprises, Inc. v. District Court,* 516 P.2d 541 (Okl.1973); *Manhattan Const. Co. v. District Court of Okl. Cty.,* 517 P.2d 795 (Okl.1973); *Green v. Cherokee Pipe Line Company,* 261 F.Supp. 118 (N.D.Okl.1966). Therefore, if Plaintiff is subject to Oklahoma's Workmen's Compensation Act this Court has no jurisdiction to hear his tort action and Defendant's Motion to Dismiss must be sustained. However, Plaintiff has made allegations sufficient to take his claim outside the coverage of the Act.

■  Minors whose employment is illegal under Oklahoma's Child Labor laws are not covered by Oklahoma's Workmen's Compensation Act. A minor who is injured in the course of illegal hazardous employment may proceed in common law tort against his employer. *Rock Island Coal Mining Co. v. Gilliam,* 89 Okl. 49, 213 P. 833 (1923). Cf. *Associated Indemnity Co. v. Frierson,* 197

Okl. 304, 170 P.2d 225 (1946); *Western Casualty and Surety Company v. Teel,* 391 F.2d 764 (Tenth Cir. 1968). If Plaintiff is not covered by Workmen's Compensation then, *a fortiori,* Defendant herein would not be afforded the protection thereof.

■■  Plaintiff alleges that he was 13 years of age at the time of his injury. 40 Oklahoma Statutes § 71 reads in part as follows:

"No child under the age of fourteen years shall be employed or permitted to work in any factory, factory workshop, theatre, bowling alley, pool hall or steam laundry, and no child under the age of fifteen years shall be employed or permitted to work in any occupation injurious to health or morals or especially hazardous to life and limb; . . ."

40 Oklahoma Statutes § 72 lists certain occupations in which children under the age of 16 years may not be employed. None of these occupations seems to be applicable herein. Therefore, if Plaintiff's employment at the time of his injury was injurious to health or morals or especially hazardous to life and limb, Defendant herein would not be afforded the protection of the Oklahoma Workmen's Compensation Act and Plaintiff would be entitled to proceed in common law tort. The question of whether Plaintiff's employment falls within the above described category would clearly appear to be a question of fact for the trier of facts.[1]

Defendant's Motion to Dismiss for lack of subject matter jurisdiction should be denied.

---

1. Obviously if Plaintiff was not employed in an occupation especially hazardous to life and limb at the time of his injury his employment would not be illegal, he would be within the coverage of the Act, and this Court would lack jurisdiction to hear this case. "(i)f . . . a decision of the jurisdictional issue requires a ruling on the merits of the case, the decision should await a determination of the merits either by the court on a summary judgment motion or by the fact finder at trial." 5 Federal Practice and Procedure, Wright and Miller § 1350.