Bennie LLEWELLYN, Petitioner,

v.

The Honorable Homer N. SMITH,
Respondent.

No. 53282.

Supreme Court of Oklahoma.

April 17, 1979.

Gerald E. Durbin, II, Travis & Durbin, Oklahoma City, for petitioner.

E. E. Zamrzla and David W. Edmonds, Foliart, Mills & Neimeyer, Oklahoma City, for respondent.

BARNES, Justice:

Petitioner, in an original proceeding, asked this Court to assume original jurisdiction and prohibit the Respondent Trial Judge, the Honorable Homer N. Smith, from further proceeding in a negligence action brought in the District Court of Oklahoma County, arguing that since the plaintiff has been awarded approximately $19,000.00 in compensation by the State Industrial Court, the plaintiff's negligence action against his employer is improper, as Petitioner's sole remedy, based on his election, was in the State Industrial Court.

Although other arguments are raised by the Petitioner, they need not be discussed here, since the jurisdictional issue raised is dispositive of the case before us. The facts giving rise to the controversy are as follows: Both the Petitioner, Bennie Llewellyn, and the plaintiff below, Woodrow Washington, while doing foundation and stemwall work for a general contractor, Bill Hales, were involved in a train-truck collision while acting within the scope of their duties.

Alleging that he was an employee of the general contractor, Bill Hales, Mr. Washington brought a Workmen's Compensation claim against Mr. Hales, and during a joint petition proceeding before that Court testified under oath that he was employed by Mr. Hales at the time of the accident. The claim resulted in a compensation award to Mr. Washington of slightly more than $19,-000.00. No appeal was taken from the action of the State Industrial Court.

Shortly after receiving the Workmen's Compensation award, Mr. Washington brought a negligence action against Bennie Llewellyn, alleging that at the time of the accident he was the employee of Mr. Llewellyn. Mr. Llewellyn raised jurisdictional questions, and filed a motion for summary judgment. After that motion was overruled, Mr. Llewellyn brought an original action here, seeking a Writ of Prohibition, in which he asks this Court to prohibit the trial court from further proceeding in the negligence action below.

In point of fact, all parties, in depositions and affidavits conducted in the negligence action, admit that Mr. Washington was the *immediate employee* of Mr. Llewellyn, who was acting as a subcontractor of Bill Hales, who was the *principal employer.*

Mr. Washington argues that despite the fact that he has been awarded full compensation under the Worker's Compensation Act, the provisions of 85 O.S.1971, § 12, enabled him to maintain a negligence action against his immediate employer, Bennie Llewellyn, due to Mr. Llewellyn's failure to procure compensation, as required by the Act.

Title 85 O.S.1971, § 12, provides:

*"The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, except that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this Act, then an injured employee, or his legal representative if death results from the injury, may maintain an action in the courts for damages on account of such injury,* and in such an action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee; provided, that this Section shall not be construed to relieve the employer from any other penalty provided for in this Act for failure to secure the payment of compensation provided for in this Act."* [Emphasis added]

We agree that the provisions of the above quoted statute give Mr. Washington the right to maintain a common law negligence action against Mr. Llewellyn, if, as alleged, Mr. Llewellyn had failed to secure compensation, as required under the Act.

The question before us is whether the right to sue at common law may be exercised, if the claimant-employee has successfully prosecuted a claim for compensation under the Act, pursuant to the provisions of 85 O.S.1971, § 11.

Title 85 O.S.1971, § 11, provides in part:
"* * *

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. *If it appears in such proceeding that the principal employer*

has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, then such employee may proceed against such principal employer without regard to liability of any independent, intermediate or other contractor. Provided, however, in any proceeding where compensation is awarded against the principal employer under the provisions hereof, such award shall not preclude the principal employer from recovering the same, and all expense in connection with said proceeding from any independent contractor, intermediate contractor or subcontractor whose duty it was to provide security for the payment of such compensation, and such recovery may be had by supplemental proceedings in the cause before the State Industrial Commission or by an independent action in any court of competent jurisdiction to enforce liability of contracts." [Emphasis added]

Pursuant to this provision, Mr. Washington filed a compensation claim against his *principal employer*, Bill Hales, and, as mentioned above, was awarded compensation.

In *H. L. Hutton & Co. v. District Court of Kay County, Okl., 398 P.2d 530 (1965)*, this Court was faced with a similar, though somewhat different, situation. In the *Hutton* case, an employer, as alleged in the case before us, had failed to provide Workmen's Compensation coverage. Based upon that failure, the employee could have maintained a common law action pursuant to the provisions of 85 O.S.1971, § 12. Rather than pursue a common law remedy, the claimant in the *Hutton* case filed a Workmen's Compensation claim against his employer, a corporate entity, and later joined the stockholders of the closely held corporation individually. That claim was pursued, and ultimately resulted in compensation being awarded in favor of the claimant, against the corporate entity, but not against the individual stockholders, as the Court found that the claimant was at no time an employee of the individuals.

Like the case before us, no appeal was taken from the Workmen's Compensation proceeding, which resulted in an award of compensation.

As in the case before us, the claimant in the *Hutton* case, after proceeding in the Workmen's Compensation Court, filed a common law action. In issuing a Writ of Prohibition, prohibiting the Trial Court from further proceeding in the common law action, we held that the claimant in *Hutton*, under the provisions of 85 O.S.1971, § 12, had a choice of remedies, and that he or she ". . . could have elected to file a common law action for damages against all parties he believed liable for his injuries, or he could have filed his claim for compensation under the Workmen's Compensation Law . . . against those he believed had employed him."

In our second syllabus, in *Hutton*, we stated:

"One injured in the course of his employment, who has made application for compensation under the Workmen's Compensation Law and has been awarded compensation for his injury, has made his election of remedies and is precluded thereby, and he cannot thereafter maintain an action for damages against his employer for the same injuries, *even though the latter has failed to provide compensation insurance under the provisions of that act.*" [Emphasis added]

We believe that the rationale and law set forth in *Hutton* are applicable to the case before us, and, accordingly, we hold that when the claimant in the case before us elected to pursue his remedy under the Worker's Compensation Law, he effectively elected not to pursue his common law rights under the provisions of 85 O.S.1971, § 12. Under these facts, the District Court was without jurisdiction to consider the common law negligence action on its merits. We therefore assume original jurisdiction and issue a Writ of Prohibition, prohibiting the Respondent Trial Judge from further proceeding in the common law action filed by claimant Washington.

ORIGINAL JURISDICTION ASSUMED, AND WRIT OF PROHIBITION ISSUED.

All the Justices concur.