651 P.2d 1302

Joseph ROMERO, Plaintiff-Appellant,

v.

J. W. JONES CONSTRUCTION CO. and Mountain States Mutual Casualty Company, Defendants-Appellees.

No. 5770.

Court of Appeals of New Mexico.

Sept. 21, 1982.

Matias A. Zamora, P. A., Patrick A. Casey, P. A., Santa Fe, for plaintiff-appellant.

James G. Whitley, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for defendants-appellees.

## OPINION

WOOD, Judge.

Plaintiff, applying for employment with Jones (J. W. Jones Construction Company), represented that he was eighteen years old. In fact, he was under sixteen years of age. Plaintiff was hired and was injured on the job. Plaintiff sued for worker's compensation; approximately three months later he sued Jones in a tort action. Both suits are based on the same incident; the parties in both suits are identical, except the compensation insurer is an additional defendant in the compensation case. Both cases are assigned to the same trial judge. The principal issue, in this appeal, involves the appropriate remedy—whether plaintiff's remedy

is under the compensation statute or whether, because of plaintiff's age, he may seek recovery in a tort action. We (1) outline the pertinent procedural history; discuss (2) the child labor law; (3) several asserted bars to a tort action; (4) the denial of plaintiff's motion to dismiss his compensation claim; and (5) comment on the delays in this case.

*Procedural History*

Plaintiff filed the tort action almost two months after the answer was filed in the compensation case. The complaint in the tort action was filed October 24, 1979. On October 29, 1979 plaintiff moved for a stay in the compensation proceedings pending a resolution of the issues in the tort action. This motion was denied May 16, 1980.

On November 29, 1979 Jones moved to dismiss the tort action or, in the alternative, to stay the tort action pending a resolution of the issues in the compensation case. On February 28, 1980 the trial court stayed the tort case until further order of the court.

On November 21, 1980 plaintiff moved to dismiss the compensation case; defendants in the compensation case opposed dismissal. An answer having been filed in the compensation case, an order of the court was required for a dismissal. Rule of Civ.Proc. 41(a), N.M.S.A. 1978 (1980 Repl.Pamph.). On March 3, 1981 the motion to dismiss was denied.

On February 1, 1982 plaintiff sought an amendment to the order of March 3, 1981. On May 13, 1982 an amended order was entered in both the compensation case and the tort case. This order contains certain findings of fact. This order (1) again denied plaintiff's motion to dismiss the compensation case and (2) concluded that plaintiff's exclusive remedy was "in workmen's compensation and not in tort."

Plaintiff sought, and this Court granted, an interlocutory appeal from the amended order of May 13, 1982.

*Child Labor Law*

At the time of plaintiff's on-the-job injury, he was fifteen years and nine months old. The maneuvering between the parties as to whether the compensation or tort case should be tried first bottoms on the question of whether plaintiff's remedy is limited to a compensation claim.

It not being disputed that plaintiff's injury occurred while at work for Jones, ordinarily plaintiff would be limited to a compensation claim. *See* §§ 52–1–8 and 52–1–9, N.M.S.A. 1978. To avoid the exclusivity provisions of the compensation statute, plaintiff relies on his age at the time of injury. Plaintiff points out that he was under sixteen years of age at the time of his injury. Plaintiff asserts that his employment was in violation of § 50–6–4, N.M.S.A. 1978 and, in his brief, identifies three asserted violations of § 50–6–4, *supra.*

Plaintiff contends that because of these violations *Maynerich v. Little Bear Enterprises, Inc.,* 82 N.M. 650, 485 P.2d 984 (Ct. App.1971), is applicable. *Maynerich, supra,* points out that (1) § 52–1–16, N.M.S.A. 1978 (1982 Cum.Supp.) defines workman to include "any person" who has entered into employment or works under a contract of service with an employer; (2) the New Mexico Worker's Compensation Act has no specific language bringing illegally employed minors within its terms; (3) § 50–6–4, *supra,* prohibits the employment of children under the age of sixteen in certain occupations; (4) employment in violation of § 50–6–4, *supra,* is at least voidable; and (5) the employer may not rely on the compensation act in a suit by an illegally employed minor. *Maynerich, supra,* held that "an illegally employed minor may pursue a common law action."

Defendants contend that *Maynerich, supra,* was improperly decided and should be overruled.

The record is insufficient to reach these contentions; specifically, a factual predicate is lacking to reach the legal question of the applicability of *Maynerich, supra.*

1. The findings of the trial court, contained in the amended order, were findings

based on "facts stipulated to by the parties". Plaintiff's effort to utilize deposition testimony is improper; the trial court refused to consider the depositions; the findings are based on the stipulated facts. The deposition testimony will not be considered. *See Fleming v. Gulf Oil Corporation,* 547 F.2d 908 (10th Cir. 1977); *compare Plumbers Specialty Supply v. Enterprise Products,* 96 N.M. 517, 632 P.2d 752 (Ct.App.1981).

2. In violation of R.Civ.App. 9(d), N.M. S.A. 1978 (1982 Cum.Supp.), plaintiff's brief asserts certain "facts" without references either to trial court findings or to proof of the asserted facts. Plaintiff could not comply with this rule because the asserted facts are not included in the trial court's findings and there has been no evidentiary hearing. Inasmuch as the only "facts" in this appeal are those found by the trial court on the basis of the stipulation of the parties, plaintiff's asserted facts will not be considered.

■ The issues of the applicability of *Maynerich, supra,* and the continued viability of that decision depend on whether there has been a violation of § 50–6–4, *supra.* The trial court has not found a violation of that statute; a violation cannot be inferred from the findings made and neither party has requested a finding as to a violation.

At this point in the proceedings, this Court is asked to give an advisory opinion as to the law *if* § 50–6–4, *supra,* has been violated. We decline to do so. *See Bell Telephone Laboratories v. Bureau of Revenue,* 78 N.M. 78, 428 P.2d 617 (1966).

*Bars to an Option on Plaintiff's Part*

Even if *Maynerich, supra,* should be applicable, so that plaintiff originally had the option of proceeding under either the compensation or tort claim, *see generally* 1C Larson's Workmen's Compensation Law § 47.52 (1980), the option could be foreclosed.

Defendants claim that if plaintiff had an option in this case, the option was foreclosed on any one of four grounds. Those grounds are election of remedies, waiver,

estoppel and ratification. The pertinent findings of the trial court are: (a) that plaintiff sued for compensation benefits some three months before he filed the tort claim; (b) that Jones and its compensation insurer paid compensation benefits for twelve weeks; and (c) Jones and the compensation insurer paid medical benefits of approximately $2,300.00. The remaining trial court finding, not relied on by defendants, states: "It is contended by the Plaintiff that at the time he received the workmen's compensation benefits and other benefits [the medical benefits] ... he was not aware, nor did he know the sums were in fact workmen's compensation benefits."

1. Election of Remedies

"[T]he doctrine of election of remedies is not a doctrine of substantive law"; rather, it is a rule of judicial administration found on the desire to eliminate multiple litigation of claims arising out of the same subject matter. *Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc.,* 74 N.M. 458, 394 P.2d 978 (1964). The doctrine means " 'if a party has two inconsistent existing remedies on his cause of action and makes choice of one, he is precluded from thereafter pursuing the other.' " *Franciscan Hotel Co. v. Albuquerque Hotel Co.,* 37 N.M. 456, 24 P.2d 718 (1933). The doctrine is based on principles of estoppel. *Franciscan Hotel Co., supra.*

■ The compensation and tort claims are inconsistent remedies. Whether the doctrine of election of remedies applies depends upon whether plaintiff had made a choice of one of these remedies. "[T]he filing of a complaint seeking relief of one sort is not an irrevocable election of remedies precluding the granting of relief of another kind." *State ex rel. Newsome v. Alarid,* 90 N.M. 790, 568 P.2d 1236 (1977). "[C]ommencement of the action is not of itself a conclusive choice of remedies." *Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc., supra.* The acceptance of compensation and medical benefits by plaintiff

cannot be held to be an election by plaintiff to pursue a remedy under the compensation statute if he was unaware that he was receiving benefits under the compensation statute.

■ The trial court's findings must support the trial court's conclusion. *In re Will of Carson,* 87 N.M. 43, 529 P.2d 269 (1974). A judgment cannot be sustained unless the conclusion upon which it rests finds support in one or more findings of fact. *Thompson v. H.B. Zachry Co.,* 75 N.M. 715, 410 P.2d 740 (1966).

■ Findings that plaintiff filed the compensation claim prior to filing the tort claim and that plaintiff received compensation and medical benefits do not support the conclusion that plaintiff's exclusive remedy was under the compensation statute, under the theory that plaintiff had elected his remedy. The defect is the absence of a finding, or evidence, that plaintiff had chosen compensation benefits as his remedy. This result is not contrary to *Llewellyn v. Smith,* 593 P.2d 771 (Okl.1979), a case relied upon by defendants. In *Llewellyn, supra,* the plaintiff had obtained a compensation award and, after receiving the award, brought a negligence action; here, plaintiff is seeking to dismiss his compensation claim and avoid pursuing it to a conclusion.

### 2. Waiver and Estoppel

■ "[B]oth waiver and estoppel require knowledge of the facts by the person against whom they are asserted." *Maynerich v. Little Bear Enterprises, Inc., supra.* There is neither a trial court finding nor evidence that plaintiff had such knowledge; rather, the trial court found that plaintiff contended he lacked such knowledge. Until there is a finding that plaintiff had such knowledge, the conclusion that the compensation statute was plaintiff's exclusive remedy, under a theory of waiver or estoppel, is not supported by the trial court's findings. *See Chavez v. Lectrosonics,* 93 N.M. 495, 601 P.2d 728 (Ct.App.1979); *C & H Const. &*

*Paving Co. v. Citizens Bank,* 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979).

### 3. Ratification

Defendants' theory of ratification is that by "actions, conduct or expressed words" plaintiff ratified the allegedly illegal employment contract, but cite no authority in support of this contention.

■ "It is indispensable to ratification that the party held thereto shall have had full knowledge of all the material facts concerning the transaction." *See-Tee Mining Corporation v. National Sales, Inc.,* 76 N.M. 677, 417 P.2d 810 (1966). After possessing the requisite knowledge, the person sought to be held to a ratification must act with the intention of ratifying the voidable transaction. *C & H Const. & Paving Co. v. Citizens Bank, supra.* Plaintiff's knowledge and intent are factual matters. There is neither a trial court finding nor evidence concerning plaintiff's knowledge and intent. Until there are findings as to the requisites for ratification, the conclusion that the compensation statute was plaintiff's exclusive remedy, under a theory of ratification, is not supported by the trial court's findings.

### *Denial of Plaintiff's Motion to Dismiss the Compensation Claim*

Defendants' answer to the compensation claim asserted (a) that plaintiff was estopped to deny that he was an adult and (b) that plaintiff fraudulently induced the contract of employment. Plaintiff contends these are inconsistent defenses. We need not decide whether the defenses are inconsistent; rather to decide plaintiff's contention, we assume an inconsistency. Rule of Civ.Proc. 8(e)(2), N.M.S.A. 1978 (1980 Repl. Pamph.) states: "A party may * * * state as many separate * * * defenses as he has regardless of consistency * * *."

■ Plaintiff contends that defendants' inconsistent defenses introduce the " 'varia-

ble convenience defense'"; that because plaintiff seeks to dismiss the compensation claim and because one of the defenses—fraud in inducing the employment—is consistent with no recovery under the compensation act on a theory of no employment contract "the Court should have allowed the dismissal of the * * * Compensation action." The contention is frivolous. Defendants are not to be penalized for asserting a defense authorized by the Rules of Civil Procedure.

The dismissal sought by plaintiff required an "order of the court and upon such terms and conditions as the court deems proper." Rule of Civ.Proc. 41(a)(2), *supra.* We do not know the precise basis on which the trial court denied plaintiff's motion to dismiss the compensation claim. The transcript of the hearing on the motion to dismiss, which consists of arguments of counsel, together with trial court orders on the motions for stays, shows a concern of the trial court that both suits remain pending until the question of the proper remedy is finally decided. If it should be decided that plaintiff's remedy is under the compensation statute and the compensation claim had been dismissed upon plaintiff's motion (a voluntary dismissal), plaintiff might be banned from seeking compensation benefits in an amount in excess of the benefits already paid by defendants. *See* § 52–1–31, N.M.S.A. 1978; *Swallows v. City of Albuquerque,* 61 N.M. 265, 298 P.2d 945 (1956).

The trial court did not err in denying plaintiff's motion to dismiss his compensation claim.

*Delays*

This litigation commenced with a compensation claim filed July 19, 1979. It has proceeded at a leisurely pace. The interlocutory appeal became at issue in this Court on July 28, 1982. Whether plaintiff is or is not entitled to compensation benefits is yet to be decided. We direct the attention of the trial court and counsel to § 52–1–35, N.M.S.A. 1978 and *Perez v. Intern. Minerals & Chemical Corp.,* 95 N.M. 628, 624 P.2d

1025 (Ct.App.1981). Upon remand we suggest prompt attention be given to the compensation aspect of this litigation.

That part of the amended order of the trial court, which denied plaintiff's motion to dismiss the compensation claim, is affirmed. That part of the amended order, which concluded that plaintiff's exclusive remedy is under the compensation act, is reversed. The cause is remanded with instructions to schedule a prompt evidentiary hearing on the factual issues herein, specifically on (1) the alleged violation of the child labor law; (2) election of remedies; (3) waiver; (4) estoppel; and (5) ratification. The stay of the tort action, ordered February 28, 1980, remains in effect until the question of the appropriate remedy has been decided. Any party may seek an interlocutory appeal of the trial court's decision, entered after an evidentiary hearing, as to the appropriate remedy.

Defendants are to pay one-half of the appellate costs. One-half of the cost of the reporter's transcript is to be paid to the Clerk of the District Court and one-half of the appellate filing fee is to be paid to the Clerk of the Court of Appeals.

IT IS SO ORDERED.

DONNELLY, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

I dissent on two grounds: (1) the majority opinion completely disregarded an order of this Court and (2) plaintiff, a minor, is entitled to a common-law tort action against his employer.

A. *Depositions made part of record on appeal should be considered.*

Plaintiff filed an application for an order allowing an interlocutory appeal from an amended order of the trial court. The application was granted on several terms and

conditions. The first requirement was that plaintiff file a transcript of any pleadings and evidentiary material establishing the type of employment in which plaintiff was engaged, the circumstances surrounding plaintiff's alleged accident, and facts relating to issues of waiver and estoppel. After the application was granted plaintiff requested that depositions on file be included in the transcript of the record. On motion of defendants in the district court, the depositions were stricken from the record.

Plaintiff filed a motion in this Court which requested this Court to compel the district court to certify as part of the record depositions taken by defendants on March 8, 1982. Among the reasons stated in the motion were (1) plaintiff requested the district court to consider the depositions prior to entry of its decision but the court refused to do so and (2) the depositions were necessary to assist this Court to determine the factual basis upon which plaintiff sought his common-law tort action.

The Chief Judge ordered plaintiff to advise this Court of the significance of the depositions to the issues on appeal. Plaintiff responded with various reasons including the issues of waiver and estoppel. After stating the facts, this Court issued an order (1) that in the interest of judicial economy, the depositions stricken from the record be certified as part of the record on appeal and (2) pending a decision on the merits, whether to order withdrawn the order striking the depositions would be held in abeyance.

No member of this panel participated in these prior proceedings. The depositions of plaintiff, his father and mother were delivered to this Court.

To me, the order means that the depositions were made a part of the record on appeal to be examined and read and a determination made whether the contents of the depositions would assist this Court in arriving at its judicial decision. If the assistance were present, the order striking the depositions would be ordered withdrawn, if not, the order would stand.

Despite the order of this Court, my colleagues held that "[t]he deposition testimony will not be considered" and "plaintiff's asserted facts will not be considered." Cases cited as authority were those submitted by defendants to this Court in a memorandum brief. The majority opinion remanded this case for an evidentiary hearing on the issues, inter alia, of waiver and estoppel, the very issues for which the depositions were ordered to be made a part of the record in this appeal.

It is essential in a fair determination of the issues in an appeal that an order entered by this Court be honored with compliance. It constitutes orderly appellate procedure. The order of this Court should not be completely disregarded. It establishes a bad precedent.

B. *Plaintiff, a minor is entitled to a common-law tort action.*

On July 19, 1978, plaintiff, a minor, 15 years, 7 months and 25 days old, was employed by defendant at an asphalt hot-mix plant owned and operated by defendant. While so employed, he was splashed and burned by hot asphalt. Section 50–6–4, N.M.S.A.1978, enacted over half century ago, prohibited employment of a child under 16 years of age in many types of employment including "any employment dangerous to lives and limbs * * *." For a violation thereof, an employer is guilty of a misdemeanor. Section 50–6–12. Plaintiff's employment was illegal.

The majority opinion is wayward in a determination of the issues in this appeal. To point to each error and misconception of the law would cause me to tilt at windmills.

The trial court "ORDERED that the plaintiffs' exclusive remedy is in workmen's compensation and not in tort," and plaintiff's motion to dismiss his workmen's compensation case was denied.

The precise question to be determined is whether a 15 year old child illegally employed in a dangerous occupation is gov-

erned by the provisions of the Workmen's Compensation Act.

For two reasons I exclude from consideration § 50–6–7 of the Child Labor Law which pertains to labor permits: (1) a child under the age of 16 years is not eligible for a permit certificate as long as his work is dangerous in an asphalt hot-mix plant and (2) it is the duty of the employer to determine the true age of a prospective employee to avoid a violation of the Child Labor Law. *Shelpman v. Evans Products Co.,* 147 Ind. App. 192, 258 N.E.2d 868 (1970). Defendant did not perform this duty.

To arrive at a decision, we must confine our discussion to illegal employment of a minor and its relationship to the Workmen's Compensation Act.

The Act makes no reference to the employment of minors. It is apparent that a child 15 years of age cannot lawfully assent to be bound by the Workmen's Compensation Act nor can anyone do it for him for the employment of such child is expressly unlawful. There is no lawful contract covering compensation for injuries. *Widdoes v. Laub,* 3 W.W.Harr.Del. 4, 129 A. 344 (1925). "The person who deals with an infant does so at his own peril." *Parrent v. Midway Toyota,* 626 P.2d 848, 850 (Mont. 1981). *Maynerich v. Little Bear Enterprises, Inc.,* 82 N.M. 650, 485 P.2d 984 (Ct.App. 1971) involved an illegally employed minor, 15 years of age. The court said:

> In our opinion, a contract, the performance of which violates a penal statute, is illegal and at least voidable, and will not provide a basis for the assertion of rights under such contract, particularly by the party upon whom the statute imposes the penalty.

> \* \* \* \* \* \*

Our act, by its terms contains no specific language bringing illegally employed minors within its terms.

In our view, the weight of authority, as applied to statutes similar to ours, supports the proposition that an illegally em-ployed minor may pursue a common law action. [Authorities omitted.]

> \* \* \* \* \* \*

We hold that Steven is not barred by the Workmen's Compensation Act from maintaining a common law action, and that the trial court erred in denying him such remedy. [Id. 652, 485 P.2d 984.]

To bar plaintiff's common-law action, an employer must show a valid contract for hire of an illegally employed minor. Absent a labor permit, this cannot be shown. Being illegal an employer cannot assert any rights under the contract. *Maynerich* cites as authority *Acklin Stamping Co. v. Kutz,* 98 Ohio St. 61, 120 N.E. 229 (1918), 14 A.L.R. 812 (1921). Under similar facts and laws, the court said:

> The test is: Was the employment of the minor in the given case illegal? If there has been on the part of the employer a violation of the statutes of this state, enacted for the protection of children, the employer cannot avail himself of the provisions of the Workmen's Compensation Act. [14 A.L.R. 816.]

After stating the facts the court said:

> —then the employment was illegal, and plaintiff would not be an employee within the meaning of that term as used in the Workmen's Compensation Act. Its provisions would have no application, and the case would be one as though the act had not been enacted. [14 A.L.R. 816.]

*Maynerich* also cites the Annotation, 14 A.L.R. 818 (1921). Page 819 states the general rule:

> While there is some conflict upon the question, the rule is adhered to by the weight of authority that the employment contemplated by the provision of the Workmen's Compensation Act is a lawful employment, and that these acts are inapplicable in case of an injury to a minor whose employment is unlawful.

This annotation has been supplemented in 33 A.L.R. 337; 49 A.L.R. 1455; 60 A.L.R.

847; 83 A.L.R. 417; and 142 A.L.R. 1019 (1943).

Inasmuch as no employment contract exists which the law can recognize as lawful and binding, plaintiff was not an employee within the meaning of the Workmen's Compensation Act.

*Rock Island Coal Mining Co. v. Gilliam,* 89 Okl. 49, 213 P. 833, 835 (1923) said:

It is our opinion that in enacting the Workmen's Compensation Law the Legislature referred to legal employment, and that the provisions of the act have no reference to minors who are employed in violation of the statute. To construe the law so as to permit an employer who has employed children illegally, in express violation of the statute, to insist that they are deprived of their common-law rights and must look to the Compensation Act for relief, would nullify the provisions of the statute prohibiting child labor, and would be in disregard to the public policy of the state. The Workmen's Compensation Law was not intended to prescribe rights and remedies for persons engaged in unlawful or criminal occupation. It in no manner destroys the purposes of the Workmen's Compensation Law to hold that its provisions were not intended to apply to children who are unlawfully sent to work in hazardous employments and that where they are injured in such employments they have a common-law action against the employer.

*Rock Island* remains the rule of law of Oklahoma. *Baker v. Hunn Roofing, Inc.,* 399 F.Supp. 628 (D.Okl.1975).

For a century, the courts have protected minor children and condemned employers when such children were employed in violation of child labor statutes. Many courts held the employer to be negligent as a matter of law. Case Note, 7 L.R.A. (N.S.) 335 (1907); supplemented in 48 L.R.A. (N.S.) 656 (1914). This spirit was expressed in *Rolin v. R.J. Reynolds Tobacco Co.,* 141 N.C. 300, 53 S.E. 891 (1906), 7 L.R.A. (N.S.) 335, 340 (1907):

If the age is known to the defendant, the employment is a positive defiance of the law; if the employment is without pursuing the method prescribed, and so easily followed, to learn the truth, its failure to do so gives it but little, if any, better status. * * * [T]hey take children into their service with full knowledge of the risk to which they are exposed, and should be required to take the consequences of such employment.

We should preserve this judicial attitude today and tomorrow. To hold otherwise would in large degree nullify the Child Labor Law and would have no tendency to discourage the practice which the statute has made illegal.

One of defendants' affirmative defenses is that plaintiff misrepresented his age and is estopped. No authority is cited to support this defense. From early days to the present, it has been held that a minor whose age is falsely represented with his knowledge and acquiescence for the purpose of securing employment is not estopped from showing that he was under the age at which the statute permitted him to be employed and would not bar his right to action. Case Note, 20 L.R.A. (N.S.) 500 (1909); supplemented in 25 L.R.A. (N.S.) 708 (1910); 42 L.R.A. (N.S.) 624 (1913), followed by several A.L.R. Supplements, 142 A.L.R. 1029.

In *Glucina v. F.H. Goss Brick Co.,* 63 Wash. 401, 115 P. 843 (1911), 42 L.R.A. (N.S.) 624 (1913), plaintiff, under the age of 14, was employed in a brick factory. Defendant pleaded as a defense that the father represented the boy to be over 16, that he appeared to be over 16 and the boy was employed solely by reason of the representations made and the appearance of the boy. The court said:

But we are of the opinion that the employer must know at his peril that the person employed is over the prohibited age. In that same case, we held that it was no defense that the child represented himself as being over fourteen years of age. * * * Even if the appearance of

the child indicated that he was over the age of fourteen years, that fact would not relieve the defendant, *because the statute makes no such exception.* It recites: "Every person who shall employ any male child under the age of fourteen years at any labor whatever, in or in connection with, any store, shop, factory * * * shall be guilty of a misdemeanor." [Emphasis added.] [Id. 42 L.R.A. 628.]

*Shelpman, supra,* said:

Historically there are many cases holding that a minor illegally employed as a result of misrepresentation of age, who was then injured in a prohibited employment, was not barred from his right to recover for such injuries. [258 N.E.2d 873.]

Waiver, estoppel and ratification during minority are not legal defenses available to an employer who illegally employs children. *Maynerich* summarily disposed of an employer's contention that a minor child waived any rights he may have had to pursue a common-law action because he accepted workmen's compensation benefits. A child who does not know that payments received are made under the Workmen's Compensation Act does not waive his rights. The same facts are true in the instant case.

Nevertheless, such a contention by the employer should not have been considered. A child does not know what his legal rights are under the Workmen's Compensation Act or the common law. For a child to receive workmen's compensation checks is not an intentional relinquishment of a known right under the common law. Neither is a child estopped, nor can he ratify.

A child can only act through a guardian appointed by the court who protects the rights of a child and a deprivation of such rights can take place only in court proceedings. *Roberts v. Hillsborough Mills,* 85 N.H. 517, 161 A. 29 (1932) involved an employer who entered into an agreement with the mother as next friend of plaintiff for payment of workmen's compensation bene-

fits. It appears that the plaintiff was not illegally employed. Payments were received for some seven months. Plaintiff, by his father and next friend, then sued defendant for personal injuries sustained by plaintiff while in defendant's employment. Defendant pleaded the agreement in bar. The trial court ruled that the mother of plaintiff had no authority to bind plaintiff by the compensation agreements. Also there was no disaffirmance of the agreements prior to bringing the action at law. Defendant moved to dismiss the suit because no tender had been made of the amount paid as compensation. The motion was denied. Plaintiff recovered judgment in tort. The rulings of the court were sustained in an appeal by defendant. Omitting citation of authorities, the court said:

Ordinarily, there are only two recognized ways in which a minor may take binding action in the enforcement or discharge of his legal rights; namely, through a duly appointed guardian acting within his powers, or through his next friend by proceedings in court. Neither method having been employed, it was his legal right to repudiate the assumed election in his behalf. The ruling of the court that the mother had no authority to bind the plaintiff is sustained.

Neither the statute, nor the procedure applicable to minors, required any particular form of disaffirmance of the election purporting to have been executed in the plaintiff's behalf. The bringing of the action at law through his next friend was a sufficient repudiation thereof. [Id. 30.]

\* \* \* \* \* \*

The extent of the defendant's legal right in this action, as respects the compensation paid, is to offset the payments made against the damages recovered by the plaintiff. [Id. 31.]

*Roberts* was followed in *Johnson v. National Biscuit Co.,* 96 N.H. 44, 69 A.2d 703 (1949) and *Ortega v. Salt Lake Wet Wash Laundry,* 108 Utah 1, 156 P.2d 885 (1945) where a minor child was illegally employed.

To add the illegal employment of a minor doubles the score against the employer.

Plaintiff is entitled to proceed with his common-law tort action against his employer.

C. *Plaintiff's motion to dismiss compensation claim should be denied.*

A half century ago, a conflict of authority existed whether an illegally employed minor was entitled to workmen's compensation benefits. *Kenez v. Novelty Compact Leather Co.,* 111 Conn. 229, 149 A. 679 (1930). In a well reasoned opinion, *Kenez* held that a child employed in violation of the statute is within the scope of the Workmen's Compensation Act.

Regardless of the implications which may be drawn from *Maynerich,* the rule should be that a child illegally employed is not an employee within the meaning of the Workmen's Compensation Act as far as the *employer* is concerned. The employer is in the wrong. The child is not. A balance should be struck in considering the Compensation Act and illegal employment.

*Maynerich* is cited in *Whitney-Fidalgo Seafoods, Inc. v. Beukers,* 554 P.2d 250 (Alaska 1976). Under identical facts, and defenses made, the court held that the illegally employed minor possessed the right to make an election. The court said:

> It would be just as inequitable to allow the employer to avoid liability for compensation benefits on the basis of the illegality of the employment contract, as it would be to permit it to deny common law liability on the basis of the wrongful contract. We hold that this form of illegality produces a voidable, rather than a void contract. Thus we believe that the minor should have the option of avoiding or ratifying the contract of hire, similar to the prerogative minors possess with regard to other contractual arrangements. In so holding, we further the intent of the legislature to protect minors in employment relationships from exploitation and similar abuses. [Id. 254.]

Plaintiff has that option in the instant case.

When an employer does not comply with the Workmen's Compensation Act, an employee who sustains compensable injuries is afforded one of two remedies: (1) an employee may maintain a common-law action in which the employer is denied the common-law defenses of contributory negligence, assumption of risk and the fellow servant rule, and (2) an employee may, in lieu of a common-law action, apply to the district court for compensation benefits under the Act. *Arvas v. Feather's Jewlers,* 92 N.M. 89, 582 P.2d 1302 (Ct.App.1978). This rule should apply to a minor who is illegally employed. It is in effect, non-compliance with the Workmen's Compensation Act. Under the first remedy, the common-law action, the child is not subject to the law of comparative negligence. It is rule judicially created and does not override the statutory provisions of the Workmen's Compensation Act.

On the other hand, the parents of a child may prefer immediate payment of burdensome hospital, medical and doctor expenses along with compensation payments.

Public policy, equity and good conscience favor the protection of a child illegally employed and injured in the course of his employment. The child is in his formative years and attending school in preparation for future usefulness in life. To impair or destroy that future should give to that child the right to choose which path to follow in the law.