Richard **ROBINSON,**
Appellant (Plaintiff),

v.

Gene **BELL,** d/b/a Bell Trucking, and Genuine Parts Company, Appellees (Defendants).

No. 88–58.

Supreme Court of Wyoming.

Jan. 13, 1989.

R.E. Rauchfuss of Beech Street Law Offices, Casper, for appellant.

Dallas J. Laird, Casper, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant Richard Robinson appeals from an order dismissing his negligence and strict liability action against appellees Gene Bell, d/b/a Bell Trucking, (Bell) and Genuine Parts Company.

We reverse.

Appellant raises the following issues:

1. Whether employer destroyed its immunity from recovery by its employee when it failed to comply with worker's compensation statutes;

2. Whether employee waived all opportunity to recover from employer by accepting worker's compensation benefits; and

3. Whether Appellant's Complaint should have been dismissed with regard to Defendant Genuine Parts Company.

Appellant was a truck driver for Bell, who was operating as a contract carrier for Genuine Parts Company, apparently a distributor for NAPA.[1] On September 20, 1986, appellant severely injured his back as he attempted to unload a "cage" of auto parts from the back of his truck at a NAPA store in Casper.

After the injury, Bell requested that appellant not file a Wyoming worker's compensation claim as NAPA had workman's compensation insurance coverage in Colorado through Sentry Insurance Co. Appellant filed the necessary forms with Sentry Insurance Co. and an employee's report of injury with the Workers' Compensation Division in Wyoming. The Wyoming Workers' Compensation Division responded with a letter directing appellant to file all claims in Colorado with Sentry Insurance Co. as requested by that insurance company and advising him that there would be no coverage in Wyoming as Bell did not have a Wyoming account. A month after the injury, appellant was informed by Sentry Insurance Co. that he was not covered by that company since he had been living and working exclusively in Wyoming. During the month of December 1986, Bell applied for and received an account with the Wyoming Workers' Compensation Division and filed his monthly reports of employees and earnings for the period from December 1982 through November 1986. Bell then made retroactive payments and filed a report of appellant's injury. Appellant began receiving Wyoming benefits in January of 1987.

On March 31, 1987, appellant filed a negligence and strict liability action against appellees, seeking actual and special damages for personal injuries he received during the course of his employment involving ultrahazardous activities and at a time when appellees failed to maintain worker's compensation coverage for him. Appellant

---

1. The relationship between Genuine Parts Company and NAPA is not clearly established in the record.

also alleged a culpable negligence cause of action against Gene Bell as a co-employee. The district court granted appellees' amended motion to dismiss, finding that appellant's claim was barred because he had elected to receive worker's compensation benefits and that appellant had failed to state a cause of action against a co-employee. Since the parties presented, and the district court considered, matters outside the pleadings, we will treat appellees' motion to dismiss, and the court's order, as one for summary judgment. W.R.C.P. 12(c).

The proper grant of summary judgment requires the dual findings that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. *Teton Plumbing and Heating, Inc. v. Board of Trustees, Laramie County School District Number One*, 763 P.2d 843 (Wyo.1988). Appellant has not appealed the district court's decision dismissing his culpable negligence claim against Gene Bell as an alleged co-employee. The remaining issues concern questions strictly of law, and we accord no deference to and are not bound by the district court's decision on these issues. *Id.*

To resolve the issues in this case, we must refer to the relevant provisions of the Wyoming Worker's Compensation Act[2] and apply our established rules for interpretation of these statutes. This Court has consistently held that worker's compensation statutes are to be liberally construed so that industry, rather than an injured workman, bears the burden of industrial accidents. *Lehman v. State ex rel. Wyoming Workers' Compensation Division*, 752 P.2d 422 (Wyo.1988). Conversely, we have held that employer immunity provisions in the Act are to be narrowly construed. *Stratman v. Admiral Beverage Corporation*, 760 P.2d 974 (Wyo.1988); *Fiscus v.*

*Atlantic Richfield Company*, 742 P.2d 198 (Wyo.1987).

In determining that appellant's claim against appellees was barred by an election to receive benefits under the Act, the district court relied upon *Llewellyn v. Smith*, 593 P.2d 771 (Okla.1979), and *H.L. Hutton & Co. v. District Court of Kay County*, 398 P.2d 530 (Okla.1965). These cases, however, were premised on an exclusive remedy provision in the Oklahoma worker's compensation scheme which was significantly different than its Wyoming counterpart. The Oklahoma statute, Okla. Stat.Ann. tit. 85, § 12 (West 1970), provided that worker's compensation was the exclusive remedy to an injured employee except when the employer "has failed to secure the payment of compensation for his injured employee," in which case an action for damages would lie. The Oklahoma Supreme Court, in the cited cases, interpreted that statute as providing an election of remedies and held that, once benefits were awarded under worker's compensation law, the injured employee was precluded from maintaining a common-law action for damages.

The Wyoming exclusive remedy provision applicable to this case was § 27–12–103.[3] Subsection (c) of that section established the rights of an injured employee as against a noncomplying employer:

This act does not limit or affect any right or action by any employee and his dependents against an employer for injuries received while employed by the employer *when the employer at the time of the injuries has not qualified under this act for the coverage of his eligible employees*, or having qualified, is either delinquent in the payment of premium on an injured employee's earnings for three (3) months immediately prior to the date of injury, or one (1) quarterly payroll

---

2. In 1986, Chapter 12 of Title 27 (Worker's Compensation, §§ 27–12–101 to –805) was repealed and recreated as Chapter 14 (Wyo.Stat. §§ 27–14–101 to –804 (1977)) effective July 1, 1987. This case arose under the earlier Act and, unless otherwise indicated, reference in this opinion will be to the prior Act.

3. The current exclusive remedy statute, Wyo. Stat. § 27–14–104 (1977), is similar to repealed § 27–12–103.

reporting period when privileged to report quarterly. When an employee's employment starts within the month or yearly quarter of the date of injury, the status of delinquency or not contributing shall not apply until after the regular payroll reporting date.

(Emphasis added.) There is nothing in this statute which requires an employee to make an election to either receive benefits under the Act or sue his employer. This Court will not read words into a statute which are not there. *Wilcoxson v. Employment Security Commission of Wyoming*, 741 P.2d 611 (Wyo.1987); *Johnston v. Board of Trustees, School District #1 West, Sheridan County, Wyoming*, 661 P.2d 1045 (Wyo.1983). To the contrary, it is clear that the statute does not limit or affect any right of action by an employee against an unqualified employer. Furthermore, nowhere in this statute, nor elsewhere in the Act, is it remotely suggested that an employer can obtain immunity from suit by applying for a worker's compensation account after his employee has been injured. Although we have said that immunity provisions will be narrowly construed, *Stratman*, 760 P.2d 974, the conclusion we reach here does not require a narrow construction but flows inevitably from the plain wording of the statute. The clear import of the statute is that, when an employer was not qualified under the Act at the time of injury to an employee, the employer had no immunity.[4]

If an employer were permitted to escape liability from suit simply because his employee accepted benefits under the Act or if the employer were permitted to qualify an account under the Act after his employee was injured, the industrial accident account would never be properly funded, as it would often be to the employer's monetary advantage, even considering the penalty provisions for noncompliance contained in § 27–12–207, to wait until an employee was injured before becoming qualified under the Act. Immunity from suit is obviously an intended incentive for employers to qualify under the Act. Qualification is the price an employer has to pay to obtain immunity from suit by his injured employee regardless of whether or not the employee received worker's compensation benefits.

Appellant, as mentioned, does not contest the district court's dismissal of his cause of action for culpable negligence against Gene Bell as an alleged co-employee, and that decision by the district court will stand. Regarding appellant's final issue, however, the record readily reveals that the amended motion to dismiss and the court's order dismissing the action were not directed at, nor did they consider, the claim against Genuine Parts Company. Dismissal of the cause of action against that party was therefore error.

Reversed and remanded for further proceedings consistent with this opinion.

CARDINE, C.J., filed a dissenting opinion.

CARDINE, Chief Justice, dissenting.

I dissent.

The essence of the majority opinion is that

"[t]here is nothing in this statute [W.S. 27–12–103] which requires an employee to make an election to either receive benefits under the Act or sue his employer."

There is nothing in the act that *requires* an employee to do *anything*. In this case, however, the employee did something: he applied for and elected to receive worker's compensation benefits. The question with which we are presented is what was the effect of that election.

W.S. 27–14–203(a) provides that

*"[a]ny employer* not applying for coverage of eligible employees or, *after obtaining coverage* under this act, any employer failing, *neglecting* or refusing *to make payments* required by this act on the date due *and against whom any injured employee is held entitled to worker's compensation benefits is liable to the state for* an amount equal to *all awards entered* for payment to or *for*

---

4. This is not a case involving an employer with a qualified account who is delinquent in his

payment of premiums. See *Mauler v. Titus*, 697 P.2d 303 (Wyo.1985).

*the employee* under this act. If the employer fails, neglects or refuses to satisfy his liability, the amount shall be recovered by civil action in the name of the director. The entry of final order by the division or hearing examiner approving and allowing an award of compensation is prima facie proof of the liability of an employer failing to comply with this act." (emphasis added)

In this case the employer had not, at the time of injury, applied for coverage under the worker's compensation statute. Appellant was an eligible employee under the act. The employer obtained coverage under the act. When appellant applied for worker's compensation benefits, the employer became liable to the State to continue payments or for all awards entered for payment to the employee under the act. The order awarding benefits to the employee resulted in liability of the employer, although at the time of the injury he had not complied with the worker's compensation act.

I have no difficulty concluding that the legislature intended that the employee have the right either to sue the employer in a civil action to recover his damages or make claim against his employer not contributing under the act and thereby secure an award of worker's compensation benefits. This choice of remedies is a considerable advantage to the employee for often his injury results from his own activity and the employee does not have a viable civil case against his employer. (Appellant may have that problem in this case.)

If the employee chooses to pursue a civil case rather than worker's compensation, substantial damages can be recovered. The employer who failed to contribute is penalized, for he has exposure to a civil action and to strict liability in worker's compensation. That is a just result for all parties. This conclusion finds support among authorities which have held that an injured employee has "the option of either pursuing a civil action against the employer or filing an application for workmen's compensation benefits." *Shaughnessy v. Bohnet,* 303 N.W.2d 337, 341 (N.D.1981). See also *Shope v. Don Coe Const. Co.,* 92 N.M.

508, 590 P.2d 656 (1979). In *Llewellyn v. Smith,* 593 P.2d 771, 773 (Okla.1979), the court, quoting from *H.L. Hutton & Co. v. District Court of Kay County,* 398 P.2d 530, 531 (Okla.1965), stated:

" 'One injured in the course of his employment, who has made application for compensation under the Workmen's Compensation Law and has been awarded compensation for his injury, has made his election of remedies and is precluded thereby, and he cannot thereafter maintain an action for damages against his employer for the same injuries, even though the latter has failed to provide compensation insurance under the provisions of that act.' "

Our worker's compensation act provides a right to compensation for an employee against an employer not contributing under the act at the time of the accident. When the employee avails himself of that remedy and is awarded worker's compensation under the act, the employer is entitled to the immunity afforded by the act from suit in a civil action. Reading all sections of the Wyoming Worker's Compensation Act in pari materia, it seems clear the legislature intended to afford to the employee of an employer not contributing under the act a choice of remedies, i.e., a recovery under worker's compensation or a civil action against the employer. The employee is entitled to one remedy or the other but not both.