2003-NMCA-015

61 P.3d 842

**Blanca B. HISE, Worker–Appellant,**

v.

**CITY OF ALBUQUERQUE,
Employer–Appellee.**

**No. 22,503.**

Court of Appeals of New Mexico.

Sept. 5, 2002.

Gerald A. Hanrahan, Albuquerque, for Appellant.

Timothy S. Hale, Myra F. Moldenhauer, Riley, Shane & Hale, P.A., Albuquerque, for Appellee.

## OPINION

ALARID, J.

{1} This case requires us to decide whether the fee shifting provision of NMSA 1978, § 52–1–54(F)(4) (1987, as amended through 1993), applies to a stipulated compensation order pursuant to which a worker recovers benefits in excess of an earlier offer of judgment that was rejected by the employer. We hold that Section 52–1–54(F)(4) applies to the stipulated compensation order entered by agreement of the parties and that pursuant to Section 52–1–54(F)(4), the employer is responsible for paying one hundred percent of the worker's attorney's fees.

**Background**

{2} Blanca B. Hise (Worker) was employed by the City of Albuquerque (Employer). On October 30, 1997, Worker sustained injuries to her spine as the result of a motor vehicle accident that occurred as she was driving to a meeting at the mayor's office. Worker filed a workers' compensation complaint on January 6, 1999. Worker was represented by her current counsel. In March 2001, the parties agreed to a stipulated compensation order.

{3} With respect to attorney's fees, the stipulated compensation order provided as follows:

Worker's attorney is entitled to a reasonable attorney fee for his services to Worker herein. The amount of the fee, and the responsibility for payment (whether 50% by each party or 100% by one party) shall be determined by the WCJ after a hearing.

{4} Worker filed an application for attorney's fees. Worker requested an award of $12,500, plus tax, with one hundred percent of the award to be paid by Employer. Employer filed an objection to the application. Employer argued that the amount of fees requested were excessive and that because the parties had agreed to settle, Employer was not obligated to assume responsibility for one hundred percent of Worker's attorney's fees. Following a hearing on Worker's application for attorney's fees, the Worker' Compensation Judge (the WCJ) filed his decision, which included the following findings:

4. Worker successfully recovered benefits as [the] result of the services of her attorney.

5. Worker's attorney has expended over 80 hours on Worker's behalf. The time and effort expended was reasonable.

. . . .

11. A reasonable fee to award Worker's attorney would be $12,500 plus tax.

12. On March 22, 1999, Worker rejected the Recommended Resolution and Worker's Complaint proceeded into the formal adjudication process at the Workers' Compensation Administration.

13. After the rejection of the Recommended Resolution the parties began negotiation to settle the issues in question.

14. Worker's counsel conveyed his negotiation offer on June 2, 1999 by way of an offer of judgment, which was rejected by the Employer/Insurer.

. . . .

16. In March 2001 the parties, through further negotiation entered into a stipulated compensation order reflecting a settlement of the issues in question, which was filed on March 30, 2001.

17. There was no hearing held regarding the issues in this case wherein the worker recovered more benefits than was made in the June 2, 1999 offer of judgment.

18. The agreed to compensation order submitted by the parties and entered on March 30, 2001, did recover more benefit than was made in [the] June 1999 offer.

19. The court did not award compensation as a result of adjudication that exceeded the offer of judgment. It was through further negotiation of the parties, settling of the third-party action and discovery that caused both parties to agree to a negotiated settlement.

20. Attorney's fees will be paid 50% by Employer/insurer and 50% by the Worker.

{5} The WCJ made the following conclusions of law:

1. The law applicable on attorney fees in this cause is that in effect post January 1, 1991.

2. An appropriate attorney fee for Worker's counsel in this cause is $12,500.00 plus tax.

3. Section 5[2]–1–54(F)(4) regarding shifting of fees does not apply to the case in issue.

4. Employer and insurer should pay one half of the attorney fee for Worker's counsel and Worker one half.

{6} Worker filed a timely notice of appeal. We have jurisdiction pursuant to NMSA 1978, § 52–5–8 (1986, as amended through 1989).

**Discussion**

{7} This appeal turns upon the following statute:

F. After a recommended resolution has been issued and rejected ... the ... claimant may serve upon the opposing party an offer to allow a compensation order to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued, subject to the following:

. . . .

(4) if the worker's offer was less than the amount awarded by the compensation order, the employer shall pay one hundred percent of the attorneys' fees to be paid the worker's attorney, and the worker shall be relieved from any responsibility for paying any portion of the worker's fees. Section 52–1–54(F)(4).

{8} Although we review the WCJ's decision awarding attorney's fees for an abuse of discretion, *Cordova v. Taos Ski Valley, Inc.*, 121 N.M. 258, 263, 910 P.2d 334, 339 (Ct.App.1995), "even when we review for an abuse of discretion, 'our review of the application of the law to the facts is conducted de novo.' Accordingly, we may characterize as an abuse of discretion a discretionary decision that '[is] premised on a misapprehension of the law.'" *New Mexico Right to Choose/NARAL v. Johnson*, 1999–NMSC–028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (citations omitted).

{9} We conclude that the WCJ's conclusion of law No. 3 reflects an erroneous interpretation of Section 52–1–54(F)(4). We recognize that there is support for the WCJ's approach. *See* 12 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus., *Federal Practice & Procedure* § 3006 (2002) (noting split of authority as to application of Fed. Civ. P. Rule 68 to judgments entered pursuant to settlement). However, in our view, the phrase "the amount awarded by the compensation order" is neutral as to how the compensation order came to be entered, and is equally susceptible of application to stipulated compensation orders and to compensation orders entered after an adversarial hearing before a WCJ. Section 52–1–54(F)(4). We have previously recognized that Section 52–1–54(F) was "intended to encourage both sides in a workers' compensation proceedings to make and accept reasonable offers of judgment by providing financial sanctions for the rejection of an offer of judgment if the rejecting party does not obtain a more favorable ruling." *Leo v. Cornucopia Rest.*, 118 N.M. 354, 362, 881 P.2d 714, 722 (Ct.App. 1994). We think that it would undercut the policy underlying Section 52–1–54(F)(4) to allow an employer who has rejected an offer of judgment, thereby prolonging litigation and increasing the attorney's fees incurred by worker, to evade the statutorily-mandated shifting of attorney's fees by offering to settle at the eleventh hour. *See Lang v. Gates*, 36 F.3d 73 (9th Cir.1994) (construing Fed. Civ. P. Rule 68).

{10} Employer argues that in *Leo* we held that Section 52–1–54(F) fee shifting does not apply unless a party has rejected an offer of judgment and has failed to obtain a more favorable outcome at a *formal hearing*. Employer reads our statements out of context. In *Leo*, the employer rejected worker's offer of judgment and the case proceeded to a formal hearing. We held that "[b]ecause [employer and insurer] rejected an offer of judgment from [worker] that was more favorable to them than the decision obtained by [worker] after the formal hearing, [employer and insurer] are required under [Section 52–1–54(F)(4) ] to pay 100% of [worker's] attorney fees incurred in prosecuting his claim." *Leo*, 118 N.M. at 362, 881 P.2d at 722. *Leo* referred to a decision obtained "after a formal hearing" merely because that was how the decision in *Leo* came to be entered. *Leo* did not involve a worker's compensation proceeding terminated by a settlement and therefore is not authority for whether Section 52–1–54(F) applies when a party who has rejected an offer of judgment agrees to settle on terms that are less favorable than the offer of judgment.

{11} In the present case, the WCJ found that Worker recovered more benefits than she had agreed to accept in the offer of judgment, but nevertheless declined to apply the fee shifting provision of Section 52–1–54(F)(4), apparently because the award of benefits was not entered following a contested hearing. On the facts as found by the WCJ, the WCJ erred as a matter of law in declining to apply Section 52–1–54(F)(4). We therefore remand for entry of a new award, requiring Employer to bear one hundred percent of Worker's attorney's fees.

{12} **IT IS SO ORDERED.**

FRY and KENNEDY, JJ., concur.