2007-NMSC-020

159 P.3d 256

**Johnny LUNA, Worker–Respondent,**

v.

**LEWIS CASING CREWS, INC. and Argonaut Insurance Company, Employer–Insurer–Petitioners.**

**No. 29,768.**

Supreme Court of New Mexico.

April 18, 2007.

Maestas & Suggett, P.C., Paul Maestas, Wayne Robert Suggett, Albuquerque, for Petitioners.

Jarner Law Office, Mark Jarner, Los Lunas, for Respondent.

## OPINION

BOSSON, Justice.

{1} Having recently held that a worker who is injured on the job need not forego all benefits under the Workers' Compensation Act (the Act) while pursuing an intentional tort action under *Delgado v. Phelps Dodge Chino, Inc.*, 2001–NMSC–034, 131 N.M. 272, 34 P.3d 1148, we apply that holding to the facts of this case. *See Salazar v. Torres*, 2007–NMSC–019, 141 N.M. 559, 158 P.3d 449 (2007). Although procedurally different, our holding in *Salazar* is controlling. Applying that holding to the facts of this case, we now affirm the Court of Appeals.

## BACKGROUND

{2} Johnny Luna (Worker) was injured while under the employ of Lewis Casing Crews, Inc. (Employer). The record indicates that an oil well casing joint fell on Worker, causing numerous injuries including broken ribs, a fractured clavicle, back injuries, lacerations, and head injuries. Immediately after the incident, Employer and its insurer accepted the injuries as being compensable under the Act, and Worker began receiving workers' compensation benefits, including periodic medical and indemnity benefits. Worker then filed a lawsuit in district court against Employer and others alleging, under the standard enunciated by this Court in *Delgado*, that Employer intentionally and willfully caused his injuries. *See id.*, 2001–NMSC–034, ¶¶ 26–28, 131 N.M. 272, 34 P.3d 1148.

{3} Sometime after filing the tort action in district court, Worker petitioned the Workers' Compensation Administration for a partial lump-sum payment of his future permanent partial disability benefits. Specifically, Worker requested a lump-sum payment of $26,824.00 to cover items such as grocery costs, the cost of purchasing a used automobile, hospital and doctor bills, insurance costs, cable and telephone bills, and $15,000.00 to pay his ex-wife for his share of a house they owned when married.

{4} Employer filed a motion in opposition to Worker's petition arguing that the benefits under the Act were Worker's exclusive remedy. Employer further asserted that the election of remedies doctrine also precluded Worker from seeking lump-sum workers' compensation benefits while his *Delgado* action was pending. The Workers' Compensation Judge (WCJ) disagreed with Employer and granted Worker a partial lump-sum payment, although lowering the lump-sum payment significantly from that requested to $2,304.59. The WCJ allowed the lump-sum payment to pay debts that Worker had incurred during the course of his disability due to limitations on Worker's ability to support himself, including insurance costs, hospital and doctor fees, and miscellaneous living expenses such as back rent, property taxes, and telephone service. The WCJ disallowed payment for items that are not considered debts under the Act, such as the cost of groceries and a new vehicle, as well as debts not incurred during the course of the disability or that had not yet become due.

{5} Employer appealed the WCJ's decision to the Court of Appeals. In a Memorandum Opinion, relying heavily on its recent holding in *Salazar v. Torres*, 2005–NMCA–127, 138 N.M. 510, 122 P.3d 1279, the Court of Appeals affirmed the WCJ. *Luna v. Lewis Casing Crews, Inc.*, No. 26,338 (N.M.Ct.App. Apr. 4, 2006). Employer then petitioned this Court for a writ of certiorari. Having now reviewed the Court of Appeals' opinion in *Salazar*, we take this opportunity to address this case in light of our holding there.

## DISCUSSION

### Standard of Review

{6} Because Employer does not challenge the WCJ's factual determinations, whole record review is unnecessary. *Cf. Wagner v. AGW Consultants*, 2005–NMSC–016, ¶ 79, 137 N.M. 734, 114 P.3d 1050 (applying whole record review when the WCJ's factual determinations are challenged). We therefore "review de novo the application of the law to the facts." *Id.* (citing *Hise v. City of Albuquerque*, 2003–NMCA–015, ¶ 8, 133 N.M. 133, 61 P.3d 842).

### Salazar v. Torres

{7} We first turn our attention to our holding in *Salazar* which controls here. In *Salazar* the injured worker received workers' compensation benefits including a partial lump-sum payment for debts accumulated during disability, and later applied for and received a lump-sum payment of all permanent partial disability and future indemnity benefits, except for future medical costs, effectively terminating his workers' compensation action. *Salazar*, 2007–NMSC–019, ¶ 3, 141 N.M. 559, 158 P.3d 449. Shortly thereafter, the worker filed a complaint in district court under *Delgado*. *Id.* ¶ 4. The employer responded with a motion for summary judgment arguing to the district court that the *Delgado* claim was barred because the workers' compensation benefits constituted worker's exclusive remedy. *Id.* The district court granted summary judgment on that basis for the employer. *Id.* The Court of Appeals reversed. *Id.* We granted certiorari to determine "whether and when a worker can receive benefits under the Act without compromising a potential intentional tort action under *Delgado*." *Id.*

{8} In *Salazar*, we recognized that it may take some time for the worker to investigate and pursue a *Delgado* claim to ending resolution. *Id.* ¶¶ 13–14. Until the *Delgado* claim is determined, one way or the other, we held that the injured worker cannot be punished for receiving interim workers' compensation benefits under the Act. *Id.* ¶¶ 16, 19. Therefore, we concluded that if a worker seeks interim benefits under the Act and files a *Delgado* claim in district court, the WCJ should award compensation benefits until it is finally determined by the *district court* that the claim falls outside of the Act; in other words, that the injury was intentionally and willfully caused by the employer and not the result of an accident as defined by the Act. *See id.* ¶ 25 (citing *Eldridge v. Circle K Corp.*, 1997–NMCA–022, ¶ 29, 123 N.M. 145, 934 P.2d 1074).

{9} However, we did put limits on our holding in *Salazar*. First, a worker cannot ultimately recover both workers' compensation and tort damages. *Id.* ¶ 20. Any benefits paid under the Act, including those

awarded as partial lump-sum benefits for debts, must be reimbursed to employer or employer's insurer upon a favorable verdict for worker under *Delgado*. *Id.* Second, if a worker elects to receive a lump-sum payment under NMSA 1978, § 52–5–12(A) (2003), resolving the worker's compensation claim against the employer, then a *Delgado* claim is barred. *Salazar*, 2007–NMSC–019, ¶ 28, 141 N.M. 559, 158 P.3d 449. The worker in *Salazar* received such a payment, which this Court held constituted a final resolution of his claim against his employer, and then filed a *Delgado* claim which we determined was barred. *Id.* ¶ 29.

### Application of *Salazar* to the Present Claim

{10} According to *Salazar*, receipt of workers' compensation benefits clearly does not preclude Worker from simultaneously pursuing a *Delgado* suit in district court. *Id.* ¶¶ 16–20. The question presented to us in this case, however, is not whether the *Delgado* claim is barred, but rather whether Worker's compensation claim is barred. More specifically, we must evaluate whether Worker can receive additional benefits under the Act in the form of a partial lump-sum payment for payment of debts while pursuing his *Delgado* claim. In essence, this is the mirror image of what we resolved in *Salazar*.

{11} Our resolution, however, is the same. Our holding in *Salazar* was based largely on our reading of the Act as expressing a legislative intent that the interests of workers and employers be balanced equally. *Id.* ¶ 10. We held that, as part of this balance, workers must be given an opportunity to investigate "whether they have a sustainable *Delgado* claim." *Id.* ¶ 4. This holding was based in part on our perception that " '[i]n most cases, practical considerations will compel the worker to accept the easier, more immediate relief afforded by the Act, even though these benefits do not fully compensate the worker.' " *Id.* ¶ 16 (alteration in original) (quoting *Jones v. VIP Dev. Co.*, 15 Ohio St.3d 90, 472 N.E.2d 1046, 1054 (1984)). If we compelled workers to choose between compensation benefits under the Act or pursuing a *Delgado* claim without having any benefits under the Act,

most workers will be practically forced by necessity to elect the former. *See id.* ¶ 15. Potentially valid *Delgado* claims will never be brought, making our opinion in *Delgado* an illusion. *Id.* Accordingly, we allowed the worker in *Salazar*, as we allow Worker here, to receive benefits under the Act during the time his *Delgado* claim is being investigated and pursued in court. Statutorily, such benefits can include certain lump-sum payments for the payment of debts, as well as periodic indemnity and medical benefits. *Id.* ¶¶ 26–27; *accord* § 52–5–12(A); NMSA 1978, § 52–1–26(A) (1990).

{12} While Worker is permitted certain benefits under the Act, others bear a heavier consequence. In *Salazar* we held that a lump-sum payment for all periodic future benefits is a final determination that the injury was accidental and subsequently bars a *Delgado* claim based on the same injury. *Salazar*, 2007–NMSC–019, ¶ 27, 141 N.M. 559, 158 P.3d 449. We noted, however, that "sometimes *partial* lump-sum payments are made." *Id.* ¶ 28. We distinguished partial lump-sum payments from lump-sum payments based on the nature of the payment; partial lump-sum payments are allowed for debts that accrue after the injury while lump-sum payments are a settlement of all future indemnity benefits. *Id.* ¶¶ 26–28. Thus, we concluded that receipt of a lump-sum payment would bar a *Delgado* claim, but receipt of a *partial* lump-sum payment limited to payment of debts would not. *Id.* ¶ 29.

{13} If a partial lump-sum payment does not bar a *Delgado* claim, it follows that a pending *Delgado* claim would not bar Worker's partial lump-sum payment under the Act. Again, statutorily the WCJ is allowed to award such benefits. *See* § 52–5–12(C); *Salazar*, 2007–NMSC–019, ¶ 26, 141 N.M. 559, 158 P.3d 449. Partial lump-sum payments are specifically monitored to ensure they are only "allowed for legitimate debts accrued during the disability." *Salazar*, 2007–NMSC–019, ¶ 28, 141 N.M. 559, 158 P.3d 449 (citing § 52–5–12(C)). As we observed in *Salazar*, such payments serve the important purpose of affording the injured worker time to investigate the cause of the injury and pursue a *Delgado* claim, if justified, without

the financial pressures caused by injury and inability to work. *Id.* ¶¶ 13–14.

{14} In this case the WCJ properly monitored Worker's compensation claim, awarding a modest, partial lump-sum payment limited to those debts allowed under the Act. Since there had not yet been a determination in the district court as to the validity of Worker's *Delgado* claim, the WCJ still had the authority to grant such a payment, subject of course to Employer's right to reimbursement in the event Worker's *Delgado* claim proves successful.

## CONCLUSION

{15} For the foregoing reasons, we affirm the holdings of both the WCJ and the Court of Appeals.

{16} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA and PETRA JIMENEZ MAES, Justices.

PAMELA B. MINZNER (dissenting).

MINZNER, Justice (dissenting).

{17} I respectfully dissent. I continue to believe that Judge Pickard, who concurred in part and dissented in part from the Court of Appeals opinion in *Salazar v. Torres*, 2005–NMCA–127, 138 N.M. 510, 122 P.3d 1279, *cert. granted, Salazar v. Torres*, 2005–NMCERT–011, 138 N.M. 587, 124 P.3d 565 (Nov. 7, 2005), had the better view. She concluded "that a worker who wishe[s] to bring a *Delgado [v. Phelps Dodge Chino, Inc.*, 2001–NMSC–034, 131 N.M. 272, 34 P.3d 1148] claim against the employer should have to forego the benefits provided by the Workers' Compensation Act," at least temporarily. *Torres*, 2005–NMCA–127, ¶ 36, 138 N.M. 510, 122 P.3d 1279 (Pickard, J., dissenting).

{18} Judge Pickard grounded her analysis in *Torres* in a belief that the Court of Appeals' majority opinion "tips [the balance achieved in the Workers Compensation Act] entirely to the side of the worker, contrary to the mandate of NMSA 1978, § 52–5–1 (1990) (providing that the Act is not to be read in favor of one side or the other, workers or employers), by allowing a worker to obtain the expeditious payment of benefits without

giving up anything." *Torres*, 2005–NMCA–127, ¶ 34, 138 N.M. 510, 122 P.3d 1279 (Pickard, J., dissenting). The majority opinion of this Court in connection with Mr. Luna's claim before the Workers Compensation Administration for a partial lump-sum payment to pay debts does not tip the balance quite so far as the Court of Appeals opinion in *Torres* would have done. See *Torres*, 2005–NMCA–127, ¶ 28, 138 N.M. 510, 122 P.3d 1279. Nevertheless, I remain uncomfortable with the balance the majority opinion does strike.

{19} The majority opinion in this appeal distinguishes a lump-sum payment of all future periodic benefits under NMSA 1978, Section 52–5–12(B) (1990) from a partial lump-sum payment of benefits for purposes of paying debts under NMSA 1978, Section 52–5–12(C) (1990) and, perhaps, from periodic indemnity payments that do not represent a final resolution of the compensation claim. The statute under which Mr. Luna applied for a partial lump-sum payment does have separate parts, one of which authorizes a lump-sum payment for all periodic future benefits and another, authorizing a partial lump-sum payment for debts. See § 52–5–12(B), (C). I do not see much difference between accepting a full or a partial lump-sum payment of benefits for purposes of determining whether the receipt of either type of payment indicates a worker has made a conscious choice to prove a claim for workers' compensation rather than a claim in tort. See *Romero v. J.W. Jones Const. Co.*, 98 N.M. 658, 651 P.2d 1302 (Ct.App.1982). In *Romero*, the Court of Appeals described compensation claims and tort claims as "inconsistent remedies." *Id.* at 661, 651 P.2d at 1305. The question is whether a worker has "made a choice of" one remedy rather than the other. *Id.*

{20} We certainly can say, in evaluating the effect of receiving a lump-sum settlement of all future benefits, under Section 52–5–12(B), that the compensation claim has been resolved by judgment. Maj. Op., ¶¶ 24, 27. Yet, the pursuit of a partial lump-sum settlement for purposes of payment of debts would seem to be a resolution of a part of the claim and thus to be vulnerable to an argument that a choice of significance has been made.

{21} Section 52–5–12(A) makes it clear that lump-sum payments, whether partial or full, are disfavored, and that they are disfavored for similar reasons, that is they are inconsistent with the Legislature's view that periodic payments are in the worker's best interests. Because such payments are disfavored, I would have thought that in seeking either type, a worker was making a choice of significance. Further, although it is a small point, both Section 52–5–12(B) and (C) refer to the worker as electing to receive lump-sum payments. If *Romero* was describing a factual determination, whether a worker chose a remedy, I would think both Mr. Salazar and Mr. Luna might be viewed as having done so.

{22} Nevertheless, I think all we need to decide in this appeal is that the award of a partial lump-sum payment for debts was premature. I would reverse the Workers' Compensation Judge's award of a partial lump-sum payment for debts and remand with directions to defer further action until the tort claim has been resolved. *See Eldridge v. Circle K Corp.*, 1997–NMCA–022, ¶ 26, 123 N.M. 145, 934 P.2d 1074. I believe that in resolving this appeal, the majority has not achieved the balance the Legislature anticipated in enacting Section 52–5–1. My colleagues being of a different view, I respectfully dissent.