**Certiorari Denied, September 7, 2011, No. 33,151**

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2011-NMCA-100**

**Filing Date: July 15, 2011**

**Docket No. 29,624**

**PATRICIA HOLGUIN,**

**Plaintiff-Appellant,**

**v.**

**SALLY BEAUTY SUPPLY INC.**
**and AMANDA ESTRADA, individually,**

**Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Behles Law Firm, P.C.
Jennie Deden Behles
Albuquerque, NM

Eric N. Ortiz, LLC
Eric N. Ortiz
Albuquerque, NM

for Appellant

Butt, Thornton & Baehr, PC
Phillip W. Cheves
Albuquerque, NM

for Appellees

### OPINION

**VIGIL, Judge.**

1

**{1}** Merchants have a conditional privilege to detain a customer in a reasonable manner, for a reasonable time, to effect a recovery of the merchandise when they have probable cause to believe the customer has willfully concealed merchandise. Two questions of first impression are presented in this case: (1) whether a customer who places merchandise into a reusable, personal canvas shopping bag, without more, has "willfully concealed" merchandise; and (2) whether a statutory presumption of intent applicable to a criminal prosecution for shoplifting also applies to the merchant's conditional privilege. The district court answered both questions in the affirmative and granted Defendants summary judgment. We disagree and reverse.

**BACKGROUND**

**{2}** Plaintiff sued Sally Beauty Supply and the assistant manager (Defendants) seeking damages in a jury trial, for false imprisonment, false accusation of shoplifting, and false and malicious abuse of prosecution. Defendants answered asserting, among other defenses, that they are immune from liability under NMSA 1978, Sections 30-16-22 and 30-16-23 (1965). Plaintiff and Defendants each sought summary judgment on this defense.

**{3}** Plaintiff presented evidence she went to Defendants' store carrying her "eco-friendly canvas shopping tote," a large bag which is conspicuous when used. Upon entering Defendants' store, there were no posted signs stating that shopping totes were not allowed, and she was not made aware that they were prohibited. Plaintiff picked up a can of mousse that was not exactly what she wanted and started to carry it in her tote toward the front counter to ask the cashier a question about it. As she approached the front of the store, the assistant manager approached her and asked what was in the bag. The manager told Plaintiff that once she put the hair mousse in her tote bag, she was shoplifting. The police were called, and when Plaintiff refused to sign a "no trespass" card indicating she would not return to the store, Plaintiff was arrested and charged with shoplifting, resisting, evading or obstructing an officer, and disorderly conduct.

**{4}** The district court concluded, "As a matter of law, Defendants had the authority to detain Plaintiff and are immune from suit pursuant to [Section] 30-16-23." Accordingly, the district court granted summary judgment in Defendants' favor and dismissed the complaint with prejudice. Plaintiff appeals. Two of the court's findings are pertinent to this appeal: (1) when the mousse was put inside the bag, and before it was removed, the assistant manager had probable cause to believe Plaintiff was shoplifting because "she took merchandise belonging to Sally's Beauty Supply and put it into her bag"; and (2) placing the mousse into the bag satisfies a statutory presumption that Plaintiff intended to shoplift, and the statutory presumption applies to a determination of whether Defendants have immunity.

**{5}** At oral argument, the parties agreed that the operative fact pertinent to this appeal is Plaintiff's act of placing the mousse in the shopping bag and that this Court will not consider anything which may have occurred afterward. As more fully explained below, we agree with the parties, and focus our analysis on this fact.

2

**STANDARD OF REVIEW**

**{6}** "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992); *see* Rule 1-056(C) NMRA. "We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. Issues involving application of a statute to the facts of a case are questions of law that we review de novo. *See Hise v. City of Albuquerque*, 2003-NMCA-015, ¶ 8, 133 N.M. 133, 61 P.3d 842 (stating that review of the application of the law to the facts is conducted de novo).

**{7}** To determine whether the district court properly granted summary judgment under this standard, we discuss: (1) the elements of the conditional statutory privilege afforded merchants to detain a customer, and (2) if a statutory presumption of an intent to shoplift applies to a determination of whether the merchant has a privilege to detain a customer.

**THE CONDITIONAL PRIVILEGE FOR A REASONABLE DETENTION**

**{8}** To determine whether the district court properly granted Defendants summary judgment on grounds that their detention of Plaintiff was privileged under Section 30-16-23, we examine statutory language as it pertains to the facts of this case, the probable cause requirement of the statute, and the meaning of "willfully concealed" under the statute.

**The Statute**

**{9}** In Section 30-16-23, the Legislature has invested police officers, special officers, and merchants with a conditional privilege to detain a person free from civil or criminal liability. In its entirety, the statute provides:

> If any law enforcement officer, special officer or merchant has probable cause for believing that a person has willfully taken possession of any merchandise with the intention of converting it without paying for it, or has willfully concealed merchandise, and that he can recover the merchandise by detaining the person or taking him into custody, the law enforcement officer, special officer or merchant may, for the purpose of attempting to affect [effect] a recovery of the merchandise, take the person into custody and detain him in a reasonable manner for a reasonable time. Such taking into custody or detention shall not subject the officer or merchant to any criminal or civil liability.

> Any law enforcement officer may arrest without warrant any person he has probable cause for believing has committed the crime of shoplifting. Any merchant who causes such an arrest shall not be criminally or civilly liable if he has probable cause for believing the person so arrested has

3

committed the crime of shoplifting.

*Id.* (alteration in original).

**{10}**    Preliminarily, we identify the pertinent parts of the statute that are involved in this case.  First, the arguments and the district court ruling consider only whether Plaintiff "willfully concealed merchandise."  No argument is made by Plaintiff or Defendants about whether Plaintiff took possession of the mousse "with the intention of converting it without paying for it," and the district court did not consider this part of the statute in rendering its ruling.  Secondly, we are only concerned with Defendants' conduct.  This case does not involve the conduct of a police officer or a "special officer" (which is not defined).  Further, since the undisputed facts demonstrate that the decision to arrest Plaintiff, was made by the police and that Defendants did not "cause" Plaintiff's arrest, we do not consider the last paragraph of the statute.  Finally, the parties and the district court agree that this case involves a detention, not a taking into custody.

**{11}**    Thus, the elements of the merchant's conditional privilege as applied in this case are: (1) that Defendants had probable cause for believing that Plaintiff willfully concealed merchandise; and (2) that Defendants detained Plaintiff in a reasonable manner for a reasonable time to effect a recovery of the merchandise.

**The Requirement of Probable Cause**

**{12}**    The conditional privilege given to merchants requires probable cause to justify a detention.  This requirement balances the interests of the merchant, on the one hand, to protect itself from shoplifters, and the interests of the public, on the other hand, to be free from being detained without a good and sufficient cause.  *See Henry v. Shopper's World*, 490 A.2d 320, 322 (N.J. Super. Ct. App. Div. 1985) (per curiam) (stating that the merchant's privilege statute "must be construed in a manner reasonably calculated to carry out its objective of protecting the merchant from shoplifting and safeguarding the innocent customer" and stating that a merchant may not act without cause); *J.C. Penney Co. v. Cox*, 148 So. 2d 679, 684 (Miss. 1963) (stating that, on the one hand, such statutes protect merchants from shoplifters and, on the other hand, they do not give merchants complete power and authority to detain, search, and accuse customers of stealing upon the mere whim of a merchant or its employees).  The burden is on the merchant to demonstrate probable cause and that probable cause was present at the time the detention commenced.  *See Jones v. Target Corp.*, 341 F. Supp. 2d 583, 587-88 (E.D. Va. 2004) (stating that the burden is on the merchant to establish probable cause and that the probable cause determination is based on the information known to the merchant at the time of the detention under Virginia merchant immunity statute); *Cox*, 148 So. 2d at 684 (stating that the burden of proof is on the merchant to show probable cause that a person willfully concealed unpurchased merchandise upon his person or otherwise before the merchant may question that person).

**{13}**    The parties agree on the substance of what probable cause means.  Citing *Yucca*

4

*Ford, Inc. v. Scarsella*, 85 N.M. 89, 92, 509 P.2d 564, 567 (Ct. App. 1973), Plaintiff states, "Probable cause is defined as an honest belief in the guilt of the accused based on reasonable grounds. Reasonable grounds are facts and circumstances which would warrant a prudent and cautious person in believing that the accused is guilty." Defendants in turn quote from *State v. Copeland*, 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct. App. 1986), in asserting that "Probable cause exists when the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that an offense has been or is being committed."

{14}    We agree with the parties and hold that a merchant has probable cause to detain a person when the totality of the facts and circumstances within the merchant's knowledge, and of which the merchant has reasonably trustworthy information, are sufficient to warrant a merchant of reasonable caution to believe that the person is willfully concealing merchandise.

**The Meaning of "Willfully Concealed"**

{15}    Whether Defendants had probable cause to detain Plaintiff hinges on what "willfully concealed" means in Section 30-16-23.

{16}    In self-service stores, customers have permission to pick up, handle, move, try on, replace, and carry about merchandise within the store. *See Durphy v. United States*, 235 A.2d 326, 327 (D.C. 1967) (stating that customers in a self-service store have implied permission of the store to pick up, move, and either replace or pay for the product offered for sale); *Lee v. State*, 474 A.2d 537, 541 (Md. Ct. Spec. App. 1984) (stating that in modern, self-service stores, customers are impliedly invited to examine, try on, and carry about the merchandise on display for sale); *Carter v. Commonwealth*, 694 S.E.2d 590, 594 (Va. 2010) (stating that in a self-service store customers have implied permission to move merchandise about the premises of the store). Within this context, it is readily apparent that merchandise can be "willfully concealed" in the sense that is willfully withdrawn from observation or kept from sight in ways that are nevertheless still within the scope of the express or implied permission given by a store to its customers. Plaintiff invites us to consider the scenario in which a store manager who is trying to sell a wallet and tells the customer to put the wallet into his pocket to see how it feels. By complying, the customer has "willfully concealed" the wallet in the sense that he "willfully" withdrew the wallet from sight. On the other hand, the customer is not acting in any way adverse to the interests of the merchant. Many more examples can readily be constructed, and courts have done so.

> Grocery stores often have separate areas within them—for example, a pharmacy, an electronics center, or a café and deli—where items can be separately purchased, even though the person intends to continue shopping in the store. If the . . . concealment-of-merchandise ordinance were interpreted literally, a person would violate the ordinance if they made a pharmacy purchase and then placed the purchased item in their pocket, or in

an opaque shopping bag, while they remained in the store and continued to shop for other items. The person would have 'knowingly concealed' merchandise while 'upon the premises where such merchandise . . . is kept for the purposes of sale, barter or storage.'

. . . .

In addition, there are circumstances where a person might knowingly conceal an unpurchased item even though they fully intend to pay for the item before leaving the store. For example, a person who is shopping with their young children might conceal candy from the children, even though the person has every intention of paying for the item at the check-out counter. Similarly, a person who is shopping with their spouse might conceal an anniversary card (again, with the intention of paying for it).

*Strane v. Municipality of Anchorage*, 250 P.3d 546, 549-50 (Alaska Ct. App. 2011) (footnotes omitted).

**{17}** We also note that courts have even disagreed on whether merchandise in open view is "concealed." *Compare Henry*, 490 A.2d at 321-22 (concluding that because the phrase "concealed unpurchased merchandise" applies to items in plain view, but worn as though they had been purchased, a coat worn by a customer with a tag fastened to its back constituted "concealed unpurchased merchandise"), *with Walters*, 2003 OK 100, ¶¶ 2, 11 n.24 (rejecting *Henry*'s approach and concluding the word "concealed" did not apply to a sweater worn in plain view).

**{18}** The term "willfully" in the merchant's conditional privilege indicates an intent which requires more than merely putting merchandise out of sight. *See Strane*, 250 P.3d at 550 (concluding that to knowingly conceal merchandise in violation of a criminal statute, the purpose must be to hide the merchandise from the store owner or store employees); *May Dep't Stores*, 314 A.2d at 771 nn.8 & 13 (construing a criminal statute to mean that "a willful concealment would seem to involve necessarily a wrongful purpose such as to defraud or convert to one's own use" and that "[p]lacing items in a shopping bag, without more, does not permit an inference of criminal intent"); *State v. Hales*, 122 S.E.2d 768, 773 (N.C. 1961) (stating that "willfully conceals" in a criminal statute means that the concealing must indicate a purpose to do it without authority and in violation of the law); *Carter*, 694 S.E.2d at 594-95 (stating that "[w]here there is evidence that an individual has acted in a manner that is inconsistent with that of a prospective purchaser, and has exercised immediate dominion and control over the property," there is sufficient possession to constitute larceny in a self-service store). "The fact that [the customer] placed the goods in a shopping bag provided no valid reason for the trial court to infer a criminal intent or a possession clearly adverse to the interests of the store." *Durphy*, 235 A.2d at 327.

**{19}** While the foregoing cases construe criminal statutes, we find them instructive

6

because the overarching purpose of the conditional merchant's privilege in Section 30-16-23 is to give the merchant appropriate tools to combat the crime of shoplifting. On the one hand, the customer has been given permission to pick up, handle, move, try on, replace, and carry about merchandise within the store. On the other hand, the merchant has an expectation that the customer will exercise this permission in a way that is not inconsistent with paying for the merchandise. When the customer's conduct in putting the merchandise out of sight crosses the line between the permission granted and the merchant's right to be paid, the customer has "willfully concealed" merchandise consistent with the policies recognized by the statute. We therefore hold that when merchandise is concealed in the sense that it is not in plain sight, there must also be circumstances which reflect that the purpose of the concealment is adverse to the store owner's right to be paid for the merchandise before a conclusion can be made that the merchandise was "willfully concealed" under Section 30-16-23.

## WHETHER THE STATUTORY PRESUMPTION APPLIES

{20} The district court also ruled that placing the mousse into the bag satisfied a statutory presumption that Plaintiff intended to shoplift and that the statutory presumption applied to a determination of whether Defendants have immunity. We disagree.

{21} We begin with the pertinent statutory provision, NMSA 1978, Section 30-16-20(A)(2) (2006), which defines the crime of shoplifting in the following language:

> A. Shoplifting consists of one or more of the following acts:
>
> . . . .
>
> (2) willfully concealing merchandise with the intention of converting it without paying for it[.]

Thus, in such a case, the State must prove beyond a reasonable doubt a willful concealment of merchandise "with the intention of converting it without paying for it[.]" *Id.*

{22} The best evidence to prove specific intent is a voluntary statement from a mentally competent person that he acted with the intent set forth in the statute. *See State v. Smile*, 2009-NMCA-064, ¶ 68, 146 N.M. 525, 212 P.3d 413 (Vigil, J., concurring in part, dissenting in part) (stating that the best evidence of intent is a defendant's statement that he acted with the requisite intent), *cert. quashed*, 2010-NMCERT-006, 148 N.M. 584, 241 P.3d 182. However, such evidence is not usually available and proof of a specific intent must ordinarily be proved circumstantially by inferences from the facts and circumstances of each case. *State v. Ortega*, 79 N.M. 707, 708, 448 P.2d 813, 814 (Ct. App. 1968); *People v. Johnson*, 192 N.E.2d 864, 866 (Ill. 1963).

{23} For shoplifting, the Legislature has established a factual presumption by which the

7

fact finder is allowed, but not required, to presume intent from proof of another fact. Section 30-16-22 is entitled "Presumptions created" and it provides:

> Any person who willfully conceals merchandise on his person or on the person of another or among his belongings or the belongings of another or on or outside the premises of the store shall be prima facie presumed to have concealed the merchandise with the intention of converting it without paying for it. If any merchandise is found concealed upon any person or among his belongings it shall be prima facie evidence of willful concealment.

{24} Thus, "prima facie evidence" of "willful concealment" may be found if merchandise is found concealed upon a person or among his belongings, and a person who "willfully conceals" merchandise may be "prima facie presumed" to have acted with the specific intent of converting the merchandise without paying for it. *Id.* This is a presumption of fact, not a presumption of law. *See White v. Commonwealth*, 636 S.E.2d 353, 357 (Va. 2006) ("Prima facie evidence is '[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced.'" (quoting *Black's Law Dictionary* 598 (8th ed. 2004)); *cf. Montoya v. Torres*, 113 N.M. 105, 110, 823 P.2d 905, 910 (1991) (stating that a presumption of undue influence is a presumption of fact, not a presumption of law). The Committee Commentary to UJI 14-5061 NMRA makes a specific reference to Section 30-16-22: "Some New Mexico statutes allow the jury to 'presume' certain facts from other facts. For example, the intention of converting merchandise may be presumed from the fact that the person concealed the merchandise." New Mexico is not unique. Other states also have statutes which provide that in a criminal prosecution the fact finder may, but is not required to, presume specific intent exists when the accused conceals goods that are for sale. *See In re R.M.D.*, 829 P.2d 852, 854 n.3 (Colo. 1992) (en banc) (collecting cases).

{25} The question presented to us in this case is whether the statutory presumption contained in Section 30-16-22 applies to the merchant's privilege codified in Section 30-16-23. For the reasons that follow, we conclude that the district court erred as a matter of law in applying the statutory presumption in Section 30-16-22 to the merchant's privilege set forth in Section 30-16-23.

{26} The history behind the merchant's privilege statutes such as Section 30-16-22 is set forth in *Alvarado v. City of Dodge City*, 708 P.2d 174, 180-82 (Kan. 1985), and *Gortarez ex rel. Gortarez v. Smitty's Super Valu, Inc.*, 680 P.2d 807, 811-13 (Ariz. 1984) (In Banc), which we summarize herein. In the case of misdemeanors such as shoplifting, the merchant did not have a common right privilege to arrest because there was no breach of the peace. If a merchant saw a customer stealing merchandise, the merchant was only permitted to use reasonable force to retake his goods. However, there was no room for a mistake, and if the customer did not actually take goods, the merchant was subject to liability, even if his mistake was reasonable. The common law adequately protected a merchant who had a small shop and kept all his merchandise on shelves behind him or in a counter between him and his customers because he could be certain in his mind when someone was stealing goods

displayed in this way. With the advent of modern stores, however, where merchandise is on open shelves throughout the store and customers are allowed, and even expected, to handle the goods before purchasing them, the merchant's ability to protect his property from theft became significantly untenable. The merchant was faced with the choice of allowing a suspect to leave the store, risking the loss of the merchandise, or he took the risk of undertaking to recover what he reasonably believed to be stolen merchandise, and facing liability for a wrongful detention if it turned out he was wrong.

{27} As *Alvarado* explains, "[u]nder these circumstances, the common-law rule did not work." 708 P.2d at 18 (citation omitted). Some courts therefore adopted a rule permitting a merchant for reasonable cause to detain a customer he believed was shoplifting. *Id.* The Restatement (Second) of Torts § 120A (1965) agreed with this position. Entitled "Temporary Detention For Investigation" the Restatement provision states:

> One who reasonably believes that another has tortiously taken a chattel upon his premises, or has failed to make due cash payment for a chattel purchased or services rendered there, is privileged, without arresting the other, to detain him on the premises for the time necessary for a reasonable investigation of the facts.

Comment (a) states that this section is necessary to protect shopkeepers from the dilemma of either permitting the suspected shoplifter to walk out or arrest him at the risk of liability for false arrest if the theft is not proved. Comment (e) further explains that the privilege protects the shopkeeper who has made a reasonable mistake regarding the guilt of the suspect.

{28} In addition to the court decisions, many state legislatures responded by enacting statutes modifying the common law rules. These statutes vary in form, but in general give merchants, their employees, and agents a qualified right, based on probable cause or reasonable grounds, to detain any person believed to have taken goods from the store without paying for them, provided the detention is for a reasonable time, and is conducted in a reasonable manner. New Mexico is one of these states, and Section 30-16-23 is such a statute. Section 30-16-23 on its face grants a conditional privilege to a merchant to detain a person based on probable cause, and by its terms, it expands upon the common law rights given to a merchant under the common law.

{29} Thus, Sections 30-16-22 and 30-16-23 were enacted to accomplish different purposes in different ways. Section 30-16-22 is a statute which simply allows the finder of fact in a criminal prosecution of a Section 30-16-20(A)(2) shoplifting case to infer a specific intent to convert merchandise without paying for it if a person "willfully conceals" merchandise as described in the statute. On the other hand, Section 30-16-23 gives a merchant a conditional privilege to detain a person when the merchant has probable cause to believe the person has shoplifted or "willfully concealed merchandise." The conditional privilege expands the common law and does not require the merchant to be correct in his belief that

merchandise was actually taken, as long as the detention is supported by probable cause, and the other conditions of the statute are satisfied.

**{30}** We note that if the factual presumption of Section 30-16-22 applied to the merchant's privilege contained in Section 30-16-23, the inclusion of the probable cause requirement would be meaningless. We will not assume this is what the Legislature intended when the express language in Section 30-16-23 calls for probable cause.

**{31}** In light of the foregoing discussion, we conclude that the factual presumption of Section 30-16-22 does not apply to the merchant's conditional privilege set forth in Section 30-16-23. Since the district court ruled otherwise in granting Defendants summary judgment, we reverse.

**CONCLUSION**

**{32}** The order of the district court is reversed.

**{33}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for _Holguin v. Sally Beauty Supply, Inc._, No. 29,624**

| AE | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |

| **CP** | **CIVIL PROCEDURE** |
| CP-SJ | Summary Judgment |

| **CL** | **CRIMINAL LAW** |
| CL-SH | Shoplifting |

| **CA** | **CRIMINAL PROCEDURE** |

CA-PA              Probable Cause

**TR**              **TORTS**
TR-AP              Abuse of Process
TR-FI              False Imprisonment
TR-IM              Immunity
TR-MA              Malicious Abuse of Process
TR-MP              Malicious Prosecution